ALBERT P. GOULD *vs.* NATHANIEL M. WHITMORE, Administrator.

Knox. Opinion May 28, 1887.

*Executors and administrators, actions against. Limitations of actions. Practice.
Costs. R. S., c. 87, § 12.*

Under R. S., c. 87, § 12, one having a claim against a deceased party may maintain an action thereon against the administrator, if commenced within two years and six months after notice of the appointment of the administrator is given, without a presentation of his claim in writing to the administrator and demand of payment within two years after such notice. But by so doing he subjects himself to the burden of having his action continued, at his cost, to the next term of court and for such further time and on such other terms as the court shall order; "and a tender of payment, or offer thereof filed in the case, during the time of such continuance shall bar the same and the defendant shall recover his costs."

When by the plaintiff's declaration some of the items in his account annexed are alleged to be for services rendered within six years of the date of the writ, the action does not appear "on the face of the papers" to be barred by the general limitation of six years.

ON exceptions.

Assumpsit against the administrator of the estate of Jason M. Carlton, deceased, on an account annexed for professional services from May, 1865, to May, 1882, amounting to $3639.

The decedent died August 1, 1882. The administrator gave notice of his appointment October 31, 1882. The writ was dated February 28, 1885. The plea was the general issue and brief statement alleging that no demand was made on the administrator before commencing the action, and setting up the statute of limitations.

*A. P. Gould,* for the plaintiff.

*S. C. Whitmore,* for the defendant.

By R. S., ch. 87, § 12, and statute 1883, ch. 243, a demand must be made on the administrator, in writing, within two years after notice of his appointment in order to bring and maintain an action within the six months next following.

In the laws of 1872, c. 85, the words, "or within the six months next following," are first found in our statutes and the purpose the legislature had in first enacting the same, is made clear. The maintenance of an action, before the law of 1883, was absolutely contingent upon demand being made within the two years. Those words cannot be construed as extending the time of making a demand, but extending the time only of bringing an action, and making the maintenance of it so brought, contingent upon a demand being made within the two years in writing.

This court so held in *Fowler* v. *True,* 76 Maine, 43.

In the law of 1883, nothing is said about a penalty if plaintiff does not prove a demand within the two years, showing that the legislature only amended the law of 1872, so far as it referred to the thirty days' notice.

Two years is the limit in other sections of the statute and reasoning from analogy, it is the limit in section 12 of c. 87, R. S. Chap. 87, § § 13, 14 & 16.

His honor, Judge WESTON, says in *Davis* v. *Smith,* 4 Greenl. 337, "When mutual promises are relied upon to repel the operation of the statute of limitation, it is upon the principle of a new promise, of which the acknowledgment of an unsettled account, implied from new items of credit within six years, is evidence."

The receipts, showing that the payments were made for spe-

cific services, are not on the general account. In *Benjamin* v. *Webster*, 65 Maine, 170, his honor, Chief Justice PETERS, says that "where an item of charge in a plaintiff's account, in cases where there are several items, and not as a payment upon the account generally, such payments would not have the effect to take the whole account out of the operation of the statute." See also *Perry* v. *Chesley*, 77 Maine, 393.

LIBBEY, J. This is an action of assumpsit to recover for professional services and disbursements according to the account annexed to the writ. Two grounds of defence were pleaded by the defendant.

First. That the action was barred by R. S., c. 87, § 12.

Second. That it was barred by the general limitation of six years; and it was claimed that these limitations were apparent upon the face of the papers; but this contention was not sustained by the justice presiding.

We think the ruling correct. By the act of 1872, chapter 85, no action could be maintained against an administrator on a claim against the estate unless such claim was first presented in writing and payment demanded at least thirty days before the action was commenced, and within two years after notice was given by him of his appointment; and the right to commence such action was limited to two years and six months from the time such notice was given.

This act was amended by act of 1883, ch. 243, incorporated into the R. S., of 1883, ch. 87, § 12. By this statute the plaintiff is not required to present his claim in writing, and demand payment at least thirty days before commencing his action and within two years after notice of his appointment is given; but if he commences his action without so presenting his claim and demanding payment, he takes upon himself the burden of having his action continued at his cost to the next term of court, and such further time and on such other terms as the court shall order; and "a tender of payment, or offer thereof filed in the

case during the time of such continuance shall bar the same, and the defendant shall recover his costs." The same limitation of the right to commence the action to two years and six months is retained. The language used is not felicitous, but its meaning is plain. The fact that the plaintiff did not present his claim in writing, and demand payment before commencing his action is no defense to its maintenance. The statute treats the commencement of the action as a presentation of the plaintiff's claim and a sufficient demand of payment, and gives the administrator sufficient time to investigate the validity of the claim, and tender or offer payment of it as a defense. Nor is it barred by not having been commenced within two years from the giving of notice.

Upon the second point it is sufficient to say that the action is not barred "on the face of the papers," as a portion of the items in the account appear to be for services performed within six years before the action was commenced.

By the agreement of the parties the case must go to the assessor agreed upon to assess the damages and he must determine upon the evidence submitted how much is due and what items in the account, if any, are barred by limitation.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.