[Little *v.* Snedecor.]

# Little *v.* Snedecor & Little, Administrators.

*Bill in Equity to settle Partnership and to declare a Trust in Lands bought by Deceased Partner in his Lifetime.*

52  167
94  121
52  167
102  438
52  167
127  194
52  167
130  297

1. *Partnership; real estate purchased with partnership funds, how treated in equity.* — Real estate purchased with partnership funds, for partnership business, is treated in equity as partnership property, without regard to the manner in which it was bought, or to the person to whom the legal title was conveyed.

2. *Same; when heirs of deceased partner declared trustees.* — The heirs of one deceased partner, where the title was in him, will be treated as trustees for the surviving partner. It is immaterial that the trust should be expressed; if it exists and is clearly proved, it will be enforced as other resulting trusts.

3. *Same; bill to settle, and to have a partner's lands decreed partnership assets; appropriate allegations of.* — A bill for account and settlement of partnership affairs, praying that land alleged to have been purchased by one of the partners, &c., be decreed partnership assets, &c., should set forth by appropriate allegations the contract or agreement of partnership, and the agreement and facts concerning the purchase of the land, so as to enable the court to judge whether the partnership was in reality formed, and to see without doubt that the land purchased was to be partnership property.

4. *Equity pleading; repugnancy between bill and exhibits.* — When it is alleged that the copartnership was formed at a given time in a certain year, when each of the partners contributed, as capital stock of the firm, the amounts respectively shown by an exhibit, which does not show any such contributions at the time stated, but consists merely of a statement in figures of various sums of money as having been contributed, by the parties respectively, for a series of years, beginning after the designated year, there is a repugnancy between the allegations and exhibit.

5. *Same; amendments.* — Under our liberal statute of amendments, the chancellor, on sustaining a demurrer, should not dismiss the bill without first allowing an opportunity to amend.

6. *Same; presumptions on appeal.* — On appeal, where it does not appear that any effort was made, by an offer to amend, to avoid dismissal, after sustaining a demurrer, it will be presumed that the complainant did not desire to amend.

APPEAL from Sumpter Chancery Court.

Heard before Hon. A. W. DILLARD.

The appellant filed on the 4th day of October, 1872, a bill in chancery against appellees as administrators of the estate of J. J. Little, deceased, alleging that on the 7th day of October, 1866, appellant and said intestate " entered into copartnership together under the name of Little & Little, as farmers, &c., for the purpose of carrying on the business of farmers and planters on joint account, and upon an equal division of the profits ; and they then contributed as capital the amounts respectively, as appears from Exhibit A. thereto attached, to form a capital to start with, and that the partnership continued until it was dissolved by the death of the intestate, on the 13th day of February, 1872." Exhibit A. is as follows : " Amounts contributed by N. Little : in 1867, $1693^{21}$ ; in 1868, $683^{80}$ ; in 1869, $685^{21}$ ; in 1870, $507^{50}$ ; in 1871, $511^{10}$ ; total, $4081^{52}$. Amounts contributed by James J. Little : in 1867, $2866^{81}$ ; in 1868, $3143^{47}$ ; in 1869, $458^{12}$ ; in 1870, $351^{43}$ ; in 1871, $1327^{90}$ ; in 1872, $201^{11}$. Total, $8351^{11}$."

The bill further avers " that simultaneously with the formation of said copartnership there was purchased the lands appended as Exhibit B. and made a part of this bill, for the purpose hereinafter mentioned." That it was agreed that J. J. Little should pay for the lands, and that he did so and the title thereto was conveyed to him; but when the purchase was made, a written agreement was entered into between J. J. Little and N. Little, that, upon the payment by N. Little to J. J. Little of one half of the purchase-money, the latter should convey the title to " one half interest " in the lands to N. Little. The bill then states that pursuant to the agreement between the parties, complainant took possession of the lands for the purpose of carrying on the operations of the farming copartnership, about the 1st of November, 1866, and continued the sole manager thereof until the death of J. J. Little, on February 13, 1872. That large crops were raised by him on said lands, which were sold by J. J. Little, and the proceeds paid to J. J. Little; that all the books, receipts, &c., of the concern were intrusted to the keeping of J. J. Little, except a small memorandum book belonging to complainant; that defendants, Snedecor and Little, are the administrators of the estate of J. J. Little, deceased, and as such have taken possession of said books and papers, and are proceeding to sell said lands for the payment of the individual debts of the intestate. That a large sum was collected by J. J. Little from the proceeds of the crops over and above all expenses, and that complainant's share in the net proceeds was more than sufficient to pay for complainant's half interest in the lands. An account is prayed of the partnership concerns, and that the tract of land bought be sold for payment of the debts of the partnership, and for general relief. Respondents demurred to the bill, because it is repugnant, contradictory, and inconclusive, and because the partnership contract is alleged too generally; its terms, conditions, and stipulations are not alleged.

The demurrer was sustained and the bill dismissed without prejudice.

CRAWFORD & MOBLEY, for appellant. — The accounts are mutual, complicated, and a discovery is necessary. 7 Ala. 217; 8 Ib. 743. The bill calls for specific performance of intestate's contract, and chancery only can give relief. Brick. Dig. 692–3–4. If there are sufficient substantial allegations, uncertainty does not justify a demurrer. 27 Ala. 461. Joseph J. Little became a trustee for Noah Little's half, and equity will enforce the trust. 23 Ala. 837; 5 Ib. 446. Equity has original jurisdiction to enforce payment of a partnership debt, out

[Little *v.* Snedecor.]

of a deceased partner's estate.   28 Ala. 629.   First head-note in *Hiscock* v. *George*, 49 N. Y. 97.

SNEDECOR & COCKRELL, and W. G. LITTLE, JR. *contra.* — The bill alleges that the land is partnership property, when the exhibits show that it is not.   7 Ala. 569.   The bill is contradictory and repugnant; the allegations of the bill are contradicted by the exhibits; the latter show a different cause of action from that set up in the bill.   21 Ala. 252; 13 Ib. 681.

JUDGE, J. — Real estate purchased by partners for the partnership business, and with partnership funds, becomes partnership property; and it is not material in what manner it is bought, nor in what name it stands.   It will make no difference that the title is in the deceased partner alone, for his heirs will be considered trustees for the survivor.   Nor is it necessary that the trust should be expressed, for a court of equity will always supply this want, and treat the ownership as a distinct trust, if only the trust exist and is capable of proof and the land be in fact and substance partnership property.   This doctrine rests, as has been said, on the broad foundation of a resulting trust.   Parsons on Partnership, 363–4–5; *Pugh* v. *Currie*, 5 Ala. 446; *Owens* v. *Collins & Langworthy*, 23 Ala. 837.

The bill in the present case seems to have been framed with a view to the law as it is above stated, and is not without equity; but it is repugnant in some of its allegations, and we think deficient for the want of others.   In the first paragraph it is averred that the copartnership was formed on or about the seventh day of October, 1866, and that each partner at that time contributed as capital stock of the firm the amounts respectively as shown by Exhibit A. to the bill.   The exhibit referred to does not show that any such contribution was made by either party at the time as stated, but consists only of a statement, in figures, of various sums of money as having been contributed by the parties respectively, during a series of years commencing in 1867 and ending in 1871.   Thus there is a repugnancy between the allegations and the exhibit.

The contract or agreement for the formation of the copartnership, with its terms and conditions, should have been set forth in the bill, so that it might be seen from the facts averred, whether a copartnership was really formed or not.   This was not done; nor is it sufficiently shown by the bill that there was such an understanding or agreement between the parties, before the purchase of the land, as that when purchased it should be partnership property; nor is it distinctly shown that it was purchased with partnership funds.   It is a matter of doubt too,

from the allegations of the bill, whether the land, when purchased and paid for, was to be partnership property, or was to be owned by the parties as tenants in common.

The bill, perhaps, might have been perfected in the court below by appropriate amendments; but it does not appear that any effort was made to avoid the dismissal of the bill by having appropriate amendments allowed, and we must presume that the complainant did not desire to amend after the demurrer was sustained. Such presumption is indulged when a demurrer to a bill is sustained for the want of proper parties, and we can see no good reason why it should not obtain when a demurrer is sustained for any defect which can be cured by an amendment. *Singleton* v. *Gayle*, 8 Porter, 270 ; *Goodman* v. *Benham*, 16 Ala. 625 ; *Andrews* v. *Hobson's Adm'r*, 23 Ala. 219.

But we think the practice in the chancery court in such case should be, not to dismiss the bill without first allowing an opportunity to amend ; such a practice would best comport with the spirit of our liberal statute of amendments.

The decree of the chancery court dismissing the bill without prejudice is affirmed ; and the appellant must pay the costs of this court and of the court below.