[Tutwiler *et al.* v. Dugger.]

# Tutwiler *et al.* v. Dugger.

*Bill in Equity for an Accounting between Partners.*

127　191
s129　260
129　263

1. *Equity jurisdiction; bill for an accounting between partners.*—In order for a chancery court to maintain a bill for the settlement of a partnership and an accounting, as between the partners, the bill should show (1), the existence past or present of a partnership between the complainant and those with whom he seeks to account; (2), the terms of the agreement of partnership; (3), the interest of the partners respectively; and, (4), the dissolution of the partnership should either be averred or prayed; and if a bill filed for such purpose is wanting in any one of these averments, it is insufficient and demurrable.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellee, R. B. Dugger against the appellants, P. A. Tutwiler, C. S. Tutwiler and H. T. Young. The bill as filed avers as follows : "That on the 12th day of September, 1890, this complainant and the said Henry T. Young, C. S. Tutwiler and P. A. Tutwiler, all of whom were then and are now of lawful age and of sound mind, bought a plantation in Hale county, Alabama, [describing the plantation and averring the terms of sale] ; that P. A. Tutwiler negotiated the sale of the land for William N. Knight and wife, Eva H. Knight, and was to be paid therefor the sum of five hundred dollars, and it was understood and agreed between the parties of the said purchase that the said P. A. Tutwiler was interested in the purchase, that all of the said parties should share equally in the said fee, and that the said fee should be considered a part of the purchase money of said lands. That the said partnership was formed on the said day between the said Young, C. S. Tutwiler and P. A. Tutwiler for the purchase of the said land, but it was further understood and agreed that P. A. Tutwiler, who was a member of the firm of Dugger,

Young & Tutwiler, should share equally the losses and profits of the concern. Complainant further charges that although it was agreed as aforesaid that the said fee should form a part of the purchase money of the said land, and although that fact was held out to this complainant as an inducement to be a member of said partnership, this complainant is now informed and believes and charges that the said P. A. Tutwiler collected the said fee and used the same for his own benefit.

"Complainant further states and charges that it was agreed among the said parties that they would take charge of the said land, improve the same by building houses upon the same, and by properly ditching the same, and that the members of the firm should be responsible for the costs of the same, and that the land should be rented out and that the profits should be divided among the owners thereof at a settlement of the partnership.

"Complainant further avers that as a member of said firm and with the knowledge of the other members thereof, he paid out large sums of money on the purchase money of said property and in the payment of taxes due upon the said property, and that when the land was afterwards sold as hereinafter stated, the said partnership was indebted unto him in the sum of three thousand dollars.

"Complainant avers that although he paid out large sums of money on the purchase money on said lands, and on the improvements on said property, the partnership was unable to pay for the said land, and that on the 3d day of December, 1892, the said lands were sold under the power of sale contained in the mortgage, which was on the property at the time the partnership bought the property, but he further charges that during the years 1890, 1891 and 1892 large sums of money were collected from the rents of the said lands, which went into the hands of the said P. A. Tutwiler; that there has never been any statement of the partnership affairs, and that upon a settlement of the same it will be shown that the said partnership is largely indebted unto the complainant, and complainant further states that the affairs of the said partnership are so complicated that it is im-

[Tutwiler *et al.* v. Dugger.]

possible for them to be settled without the intervention of a court of equity.

"Complainant further avers that during the years 1890, 1891, 1892, 1893, 1894, 1895, 1896, 1897 and 1898, he has been forced to pay out large sums of money on account of the indebtedness of the said partnership of Young and Dugger, and that although he has frequently called upon the said partners to pay the complainant their part of the indebtedness they have failed so to do, and that the partnership of Dugger, Young and Tutwiler is largely indebted unto this complainant; that there is no property belonging to the said partnership, and that said partnership settlement should be had in this court."

The prayer of the bill was that upon the hearing upon the pleadings and proof, the chancellor should render a decree which would "finally settle the affairs of the said partnership and may ascertain the indebtedness of each partner to each co-partner, and may ascertain the amount due this complainant by the said Henry T. Young, C. S. Tutwiler and P. A. Tutwiler, and may decree the same to be paid by them respectively to this complainant."

To this bill the respondents demurred upon the following grounds: "1. No sufficient facts are averred in said bill to authorize the court to take jurisdiction of the partnership affairs and to settle the same. 2. Said partnership has not been dissolved, and the complainant does not, by his said bill, pray for dissolution. 3. Said bill does not seek a dissolution, and it is not averred that the accounts of said partnership are so complicated as to require the aid of this court to settle the same. 4. The averments of said bill are too vague and indefinite as to what partnership the complainant seeks to have the affairs of settled."

Upon the submission of the cause upon the demurrers, the chancellor rendered a decree overruling them. From this decree the defendants appeal, and assign the rendition thereof as error.

THOMAS E. KNIGHT, for appellants.—In actions for an accounting between partners, the formation of a

[Tutwiler *et al.* v. Dugger.]

partnership, the transaction of business as partners, the dissolution of the partnership, or facts entitling the complainant to a dissolution, unsettled accounts, and a prayer for dissolution, if none has been had, and an accounting, are the necessary facts to be stated in a bill, and, without which, it would be demurrable.—17 Amer. & Eng. Ency. of Law, 1310; Law of Partnership (Bates), § 936; 1 Daniel Chan. Plead. (6th ed.) 332-333; *Glover v. Hembree*, 82 Ala. 324; *Haynes v. Short*, 88 Ala. 562; *S. & M. R. R. Co. v. Lancaster*, 62 Ala. 555; *Seals v. Robinson & Co.*, 75 Ala. 363; *Cahalan v. Monroe*, 56 Ala. 303; *Rapier v. Gulf City Paper Co.*, 64 Ala. 330; *S. & M. R. R. Co. v. Lancaster*, 62 Ala. 555; *Goldsby v. Goldsby*, 67 Ala. 560; *Seals v. Robinson & Co.*, 75 Ala. 363.

DeGRAFFENRIED & EVINS, *contra.*

SHARPE, J.—To present a case for an accounting in equity as between partners, the bill should as a first requisite, show the existence past or present of a partnership between the complainant and those with whom he seeks to account.—15 Ency. Pl. & Pr. 1082. That the court may determine from facts averred whether the compact depended on as creating a partnership has such effect, the terms of the agreement should be alleged in terms or in substance.—*Little v. Snedecor*, 52 Ala. 167. And as a basis for stating the account and decreeing thereon the interests of the partners respectively should be shown.—15 Ency. Pl. & Pr. *supra; Glover v. Hembree*, 82 Ala. 324. Since as a general rule the court will interfere only to finally settle the partnership, its dissolution should either be averred or prayed.—George on Partnership; § 143. To the rule last stated there are exceptions, one of which is where one partner has obtained a secret benefit which should be disclosed and made to enure to the benefit of the firm and from which he seeks to exclude the firm, but the rule rather than its exceptions applies in the present case. In the several particulars referred to this bill is deficient and subject to the demurrer. It appears from the allegations of the first

paragraph that the partnership was formed by the defendants alone. Mention is made of "the firm of Dugger and Young," and also of "the partnership of Dugger, Young and Tutwiler," and also of dealings of a partnership nature between the complainant and the defendants from which it might be inferred that they were associated as partners but that fact being an essential one should be averred with certainty and not left to rest in inference.—*Savannah etc. R. Co. v. Lancaster*, 62 Ala. 555. The complainant's interest in the partnership if he is a member of one does not appear, and it is not shown that such partnership if any has been dissolved, and there is no prayer for dissolution, and no averment which brings the case within any exception to the rule which requires such averment or prayer.

The decree must be reversed. Let the cause be remanded with leave to amend the bill within thirty days.

Reversed and remanded.