# Dugger *v.* Tutwiler *et al.*

*Bill in Equity for the Settlement of a Partnership.*

1. *Bill for settlement of partnership; sufficiency of averment.*—A bill which alleges the formation of a partnership between the complainant and the defendant, the names and interest of each partner, the terms of the partnership, the transaction of business by the partnership, its dissolution without a settlement and the defendant's denial of complainant's claim against them respectively, contains sufficient averments to give a court jurisdiction for the settlement of the partnership, and is not demurrable.

2. *Same; same; case at bar.*—A bill filed for the settlement of a partnership averred the formation of a partnership between the complainant and the defendants for the purpose of purchasing a plantation, improving it, renting it out and selling it for profit, and the terms of the agreement of partnership; that said parties purchased the plantation as contemplated in the agreement, but upon default in the payment of the purchase money it was sold under a mortgage, thereby depriving the partnership of all of its property and destroying the purposes for which it was organized. It was further averred that the defendants were indebted to the complainant for expenses incurred by him in the improvement of the property and otherwise in incurred in reference to the partnership business. *Held*: Such averments are sufficient to give a court of equity jurisdiction for the settlement of the partnership.

[Dugger v. Tutwiler *et al.*]

3. *Same; same; same.*—In such 'a bill, which· avers that the complainant and the· defendants purchased' the land, that·a conveyance was made of the same to the members of the partnership, that from the time of the purchase to the time of the sale under the mortgage, one of the partners collected large sums for the rent of the land, and that the complainant, with the knowledge of the other members of the firm, paid out large sums of money in improving the property, in payment of the purchase money and for taxes due thereon, sufficiently shows that the partnership owned and controlled the property up to the time it was sold under the mortgage; and it is not subject to demurrer upon the ground that it is not averred that the partnership ever, in fact, owned and took possession of·the property in question.

4. *Same; limitation of suit for settlement of partnership.*—A bill in equity to compel the settlement of partnership accounts may be filed within six years after the actual dissolution of the partnership, or within six years from a credit or other like partnership transaction on account, from which a promise by the defendant to pay the balance due against him may be implied.

5. *Same; same; case at bar.*—On a bill filed for the settlement of a partnership, where it is shown by the averments of the bill that more than six years before the filing of the bill there was a dissolution of the partnership by reason of a sale under the mortgage of all of the property owned by the partnership, thereby destroying the purposes for which the partnership was formed, but from the time of said sale up to a year before the filing of the bill, the complainant had been forced to pay out large sums of money on account of the indebtedness of said partnership, for their part of which the defendants, as his associates, had refused to pay, and there was no property belonging to the partnership, such bill is not barred by the statute of limitations of ten years.

6. *Agreement of partnership sufficiency of consideration.*—Where a partnership is formed between several parties for the purpose of buying a plantation, improving it, renting the place out and selling it for a profit, an agreement between the partners that the fee agreed to be paid· by the owners of said plantation to one of the partners for effecting the sale should be equally divided between all of the partners and be applied as a part of the purchase money for said plantation, is supported by a sufficient consideration and is binding between all the members of the partnership.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant, R. B. Dugger, against P. A. Tutwiler, C. S. Tutwiler and Henry T. Young. This is the second appeal in this case. *Tutwiler v. Dugger,* 127 Ala. 191.

. After the reversal of the decree and the remandment of the cause, the bill was amended. The averments of the amended bill relating to the purchase of the land, the organization of the partnership and the purposes for which the partnership was formed, are set forth in the opinion  In the amended bill the following additional facts were averred: The conveyance to the lands so purchased is made to the complainants, R. B. Dugger, C. S. Tutwiler and Henry T. Young, but it was nevertheless understood and agreed between all members of said firm, to-wit: P. A. Tutwiler, Henry T. Young, C. S. Tutwiler and this complainant, that the said P. A. Tutwiler was an interested party in said business and interested equally with the other members of said firm in all the land purchased and of the business of said firm, and shared equally with all the other members in the profits and losses of said firm.

P. A. Tutwiler negotiated for the sale of said partnership land from William N. Knight and his wife, Eva Knight, and was to be paid therefor by the vendors therefor $500 as a fee, and it was understood and agreed between the members of the partnership that all of said members should share equally in said fee, and that the fee should be considered a part of the purchase money of said land; that this fact was held out by P. A. Tutwiler to the complainant as an inducement for him to become a member of said firm; but that said P. A. Tutwiler appropriated said $500 to his own use, and has, in no way, accounted to the partnership or any member thereof for any part of it. In accordance with the general plan of partnership and with the knowledge and approval of all the members thereof, the complainant paid out large sums of money in the improvement of the plantation. As part of the consideration for the purchase of said property

[Dugger v. Tutwiler *et al.*]

was the assumption by the partnership of a mortgage which was existing upon said property at the time of the purchase, and that the partnership being unable to pay off said existing mortgage, said property was, on December 3, 1892, sold under the power of sale contained in said mortgage. During the years 1890, 1891 and 1892, said P. A. Tutwiler collected and retained large sums of money arising from the rents of said lands and has never accounted to the partnership therefor. There has never been any settlement of the partnership affairs, and that the accounts and the affairs of said partnership are so complicated that it is impossible for them to be settled without the intervention of a court of equity, and it is averred that upon the final settlement of the same it will be shown that said partnership is largely indebted to the complainant.

In the fifth paragraph of the bill as amended it was averred as follows: "Complainant further avers that during the years 1890, 1891, 1892, 1893, 1894, 1895, 1896, 1897, and 1898 he has been forced to pay out large sums of money on account of the indebtedness of said partnership, and that although he has frequently called upon the said Henry T. Young, P. A. Tutwiler and C. S. Tutwiler to pay to complainant their part of the indebtedness so paid by this complainant, they have each utterly failed to do so, and that the said partnership is largely indebted unto this complainant; that there is no property belonging to the said partnership; that the purposes for which the partnership were formed utterly failed long before the filing of this bill, and that the said partnership should be settled by this court."

The prayer of the amended bill was that a decree be rendered dissolving the partnership existing between the complainant and the respondents, and that the affairs of said partnership be finally settled, and that the indebtedness of each partner to the partnership be ascertained, and the amount due complainant by the other members of the partnership, and that they be ordered to pay the same to the complainant. There was also a prayer for general relief.

To the amended bill the respondents demurred upon several grounds, which may be summarized as follows:

1.　Said bill, as amended, fails to aver sufficient facts to authorize the court to assume jurisdiction of the partnership and the settlement of its affairs.　2.　Said bill fails to aver or show that said partnership ever owned and took possession of the real estate described in said bill.　3.　Said bill as amended does not set out the alleged partnership agreement.　4.　It fails to aver that said partnership ever in fact transacted any business for which it was formed.　5.　Said bill does not aver the purposes for which the partnership was formed.　6. Said bill shows that the claim for an accounting and the dissolution of the partnership by this court is barred by the statute of limitations of six years.

To so much of the bill as amended as seeks relief as to the item of $500 alleged to have been paid P. A. Tutwiler as attorney's fee, the defendants jointly and separately demurred upon the following ground: 1. That said fee was paid to said P. A. Tutwiler for his individual services, and the bill as amended fails to aver or show that the alleged agreement between the complainant and the respondent that said fee should go as a part of the purchase money of said land, was supported by a consideration or was otherwise a binding obligation.

To so much of the amended bill as seeks a dissolution of the partnership, and to so much thereof as seeks an accounting between the partnership, the defendants separately demurred upon each and every ground of demurrer assigned to the whole bill as amended.

Upon the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining them.　From this decree the complainant appeals, and assigns the rendition thereof as error.

DEGRAFFENRIED & EVINS, for appellant, cited 15 Ency. Plead. & Prac., 1067b; *Glover v. Hembree*, 82 Ala. 326; *Stevenson v. Anderson*, 87 Ala. 228; *Cameron v. Cameron*, 82 Ala. 392; *Brewer v. Brown*, 68 Ala. 21; *Haynes v. Short*, 88 Ala. 565; *Scruggs v. Peter Min. Co.*, 86 Ala. 173; *Nimo v. Stewart*, 21 Ala. 682.

THOS. E. KNIGHT, *contra*, cited *Little v. Snedecor*, 52 Ala. 167; *Dugger v. Tutwiler*, 127 Ala. 191; 15 Ency. Plead. & Prac., 1082; *Savannah, etc., Co. v. Lancaster*, 62 Ala. 555; *Glover v. Hembree*, 82 Ala. 324.

HARALSON, J.—Bill for settlement of partnership.

1. In such a suit, "The essential allegations of the bill of complaint are, the fact of partnership between the parties, a dissolution or the grounds for seeking one, and unsettled accounts growing out of the partnership business. When all these facts appear, the bill is good on demurrer."—15 Ency. Pl. & Pr., 1082; *Glover v. Hembree*, 82 Ala. 324. The simple averment that a partnership was formed between the parties is a mere conclusion of the pleader. Whether or not in any instance one was created, is a question of law to be determined on facts stated. In order, therefore, for the court to ascertain whether a partnership existed, the agreement depended on to have that effect, should be alleged in terms or in substance.—*Tutwiler v. Dugger*, 127 Ala. 191. As elsewhere expressed, "In averring a partnership, the names of the parties, the terms of the partnership, and the rights and interests of the partners must be alleged."—15 Ency. Pl. & Pr., 1083.

2. The bill avers that on the 12th of September, 1890, the complainant, Henry T. Young, C. S. and P. A. Tutwiler, bought a plantation in Hale county, and paid therefor on January 1, $432, and contracted to pay off a mortgage then on the property for something over $10,000. It is then averred, in the amended bill, "that on that day [the 12th Sept., 1890,] a partnership was formed between the complainant, and [the other parties named] for the following purposes. It was agreed that said partnership should own and control the said lands above described, * * * should improve the same by building houses, digging ditches and generally improving the same, * * * rent the said lands, and should sell the same for a profit," etc. "It was further understood that all the expenses attending said business were to be equally borne by each member of said firm, and that

any losses or profits arising in any way from the business were to be equally divided among the members of the partnership."

Here we have the averment of the formation of a partnership and the names of of the persons entering into it, with a statement of the purpose for which the partnership was formed,—that of purchasing a plantation, improving it and selling it for a profit, meantime renting the place out. It is averred, that the parties made the cash payment on the purchase, and that they were to share equally in the losses and profits of the enterprise. It is alleged that the farm was all the property the partnership owned, that its management for the purposes intended was the only business it had, and that said farm was sold, on the 3d of December, 1892, under the mortgage existing on it when it was purchased by complainant and his associates. These averments constitute the essential and sufficient averments in a bill for the settlement of a partnership.

3. Objection is made on demurrer, that the bill does not show that the partnership ever in fact owned and took control of the property in question. It does allege that complainant and associates bought the land; that a conveyance was made of the same to complainant and his other associates except P. A. Tutwiler, but that it was understood that he should be equally interested with the other members of said firm in said lands, and in all of the business of the firm, and was to share equally with the other members in the profits and losses of the same; that said P. A. Tutwiler in the years 1890, 1891 and 1892 collected large sums for the rents of the lands, and that complainant, with the knowledge of the other members paid out large sums of money in improving the property, in payments on the purchase money, and for taxes due thereon. These averments show clearly enough that the partnership owned and controlled the property up to the time it was sold.

4. It is objected again, that the bill shows that the suit was barred by the statute of limitations of six years. It appears the mortgage on the land was foreclosed on the 2d December, 1892, and the bill was filed

the 17th May, 1899.   There can be no question but that this sale under the mortgage operated a dissolution of said partnership.—17 Am. & Eng. Ency, Law, 1100, and authorities there cited.   Without more, this would be sufficient to bar the maintenance of the bill. A bill for settlement, however, is timely, "if filed within six years from the actual dissolution, or credit or other like partnership transaction on account between the partners, from which a promise on the part of the defendant to pay the balance found against him on final settlement may be implied."—*Haynes v. Short,* 88 Ala. 562; *Bradford v. Spyker,* 32 Ala. 134.   It is well understood, also, that after, as well as before dissolution, each partner can pay a partnership debt, or receive payment of one due the partnership, and that each, upon a dissolution, has the right to settle its affairs.   To that end, there is a continuing agency in each partner, except in case of some agreement or order of court to the contrary.—1 Lindley on Part., * 217, and authorities in n. 25.

The averments of the 5th paragraph of the bill as amended, show, in addition to the allegations on the same subject above referred to, that in the years from 1890 to 1898, both inclusive, the complainant was forced to pay out large sums of money on account of the indebtedness of said partnership, for their part of which his associates have refused, though requested, to pay, and that there is no property belonging to the partnership.

Whether there were not some of the items of plaintiff's account barred by the statute,—a question we need not now decide,—it is certain from what has appeared, that they were not all barred at the time the bill was filed, and not so appearing on the face of the bill, the question of the bar of the statute could not properly be raised on demurrer.—1 Brick. Dig., 699, §§ 859-861; *Underhill v. Ins. Co.,* 67 Ala. 45; *Scruggs v. Decatur M. & L. Co.,* 86 Ala. 173; *Gould v. Whitmore,* 79 Me. 383.

5.   As for the $500 fee paid by the Knights to P. A. Tutwiler for selling the land, it appears from the allegations of the bill, that it was agreed between said Tutwiler and the complainant and the other members of the firm, at the time of the formation of the partnership, that

the same should go to and be equally divided between them, and that this was one of the terms of the agreement of partnership. To entitle them to share equally in this fee, no other consideration than the agreement alleged was necessary; and the demurrer to this part of the bill, as for any grounds specified, should have been overruled.

The other grounds of demurrer are without merit.

A decree will be here rendered overruling the demurrer to the entire bill as amended and the one to separate and specified parts of it, and reversing and remanding the cause, with leave to file answers within thirty days.

Reversed, rendered and remanded.