(78 South. 871)
RUSSELL et al. v. HAYDEN. (6 Div. 653.)
(Supreme Court of Alabama. April 11, 1918.)

1. PARTNERSHIP ⟜22—CREATION—WRITING.
   No writing, nor any particular form, is necessary to create a contract of partnership.
2. PARTNERSHIP ⟜20—CREATION—IMPLIED CONTRACT.
   The contract of partnership may be implied from conduct and circumstances.
3. PARTNERSHIP ⟜327(1) — WINDING UP PARTNERSHIP—PLEADING.
   A bill by a partner to wind up and settle a partnership's affairs on the death of one of the partners should aver in terms or in substance the terms and conditions of the partnership and the respective interests of the partners.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Lucy M. Hayden against Mary B. Russell and others, to wind up a partnership and for other relief. From a decree overruling demurrers to the bill respondents appeal. Reversed and remanded.

The bill, after stating the parties, alleges: That Mary B. Russell was appointed executrix of the estate of Ralph M. Russell, whose widow she is, and that Ralph L. Russell is the son and only heir at law of the said Ralph M. Russell. That at the time of the death of said Ralph M. Russell, and prior thereto for a number of years, complainant and Ralph M. Russell were and had been associated in business in the city of Birmingham as partners, and as such partners were and had been conducting the business of compounding, manufacturing, advertising, supplying, and selling various medicines, from various recipes, prescriptions, and appliances for healing diseases, and were also conducting, as such partners, various other lines of business, such as buying, selling, and renting real estate, and had spent large sums of money for the purchase, upkeep, insurance, repair, taxes, etc., incident to the real estate business, which had been purchased and acquired since and before the existence of a partnership, and that Ralph M. Russell and complainant had acquired previous to the death of said Russell, and at the time of his death owned, a considerable amount of real estate, the legal title to which was held by said Ralph M. Russell in his own name as trustee. (Here follows a description of the land.) It is further averred that, at the time of the death of Russell, said partnership, which was at various times prior thereto conducted under the name and style of Dr. Ralph M. Russell and the Ralph M. Russell Medical Institute, was located at a certain named point in the city of Birmingham, and that complainant was at said time, and had been for a long time prior thereto, giving her time, attention, and energy to the conducting of said business, and was also supplying the services at that time of her three sons, and at other times one or more of her sons, to aid in the conduction of and labor in said business, and the services of said sons belonged to complainant. The bill then sets up certain claims to certain personal property, and its location, and asked for a discovery as to the personal property.

Frank S. White & Sons and Allen, Bell & Sadler, all of Birmingham, for appellants. James Barton and Harsh, Harsh & Harsh, all of Birmingham, for appellee.

SAYRE, J. [1–3] No writing, nor any particular form, is necessary to the creation of a contract of partnership. Like most other contracts, it may be implied from conduct and circumstances. Causler v. Wharton, 62 Ala. 358. But a contract, express or implied,

is necessary, and the terms and conditions of the alleged partnership between appellee and appellants' testator, whether express or implied, the respective interests of the alleged partners, should have been averred in terms or in substance in appellee's bill for its settlement. Our decisions and the authorities generally so hold (Tutwiler v. Dugger, 127 Ala. 191, 28 South. 677; Little v. Snedecor, 52 Ala. 167), and we have discovered no reason why the rule should not be followed in this cause.

The decree overruling the demurrer of appellants to appellee's bill will be reversed, and the cause remanded for further proceedings.

Reversed and remanded. .

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.