(89 South. 272)

**WILLIAMS v. WILLIAMS.** (6 Div. 414.)

(Supreme Court of Alabama. May 19, 1921.)

**1. Partnership ⬅327(1) — Demurrer to bill for dissolution and accounting properly overruled.**

A bill to dissolve a partnership, for an accounting, division of assets, and appointment of receiver, *held* good as against demurrers raising the proposition of failure of the bill to aver insolvency, plain and adequate remedy at law, want of consideration in entering into the partnership, and no necessity for an accounting shown.

**2. Partnership ⬅22—No writing necessary to validly effect creation.**

No writing was necessary to validly effect the creation of a partnership "for the purpose of marketing, preparing, and selling a drug, toilet preparation, or solution, and for the operation of a hair dressing parlor or emporium."

**3. Partnership ⬅327(1)—Bill for dissolution held to show creation.**

Bill for dissolution of a partnership and an accounting *held* to sufficiently show the creation of the partnership.

**4. Partnership ⬅327(1)—Bill for dissolution and accounting, etc., need not specifically aver contribution made.**

It is not essential to the perfection of a bill to dissolve a partnership and for an accounting, division of assets, and appointment of a receiver to aver specifically what contribution the claimant made originally in order to constitute the partnership adequately described.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Frank Williams against Mattie Williams for a receiver, to wind up a partnership, and for an accounting. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The bill avers the formation of an equal partnership between complainant and respondent under the firm name and style of "The Madam Clisby Company," equal sharing in the profits and losses, for the purpose of marketing, preparing, and selling a drug, toilet preparation, or solution for the operation of a hair dressing parlor or emporium; that said partnership has now on hand a large stock of merchandise valued at $600, moneys or funds in bank approximating $1,000, and furniture and fixtures valued at approximately $5,000, all of which was derived from the profits of the business; that on or about July 1, 1920, the respondent denied to complainant all rights in said partnership business, and ordered him from the premises, and since that time respondent has had entire charge of the business and affairs of the partnership, and has failed and refused to account to complainant for his share of the profits of said business, and has refused to allow him access to the books or to share in the management of said partnership. Then follows a paragraph devoted to a detailed statement of how respondent is converting to her own use and putting it out of the power of complainant to acquire any of the assets, and that they are being wasted, etc.

The demurrers raise the proposition of failure of the bill to aver insolvency of respondent, plain and adequate remedy at law, want of consideration in entering into the partnership, no necessity for an accounting is shown, and similar questions raised in varying form.

Denson & Ivey, of Birmingham, for appellant.

A partnership is never created by implication or operation of law. 180 Ala. 3, 60 South. 63. The bill does not disclose a partnership inter se. 20 R. C. L. 830. The contract not being in writing and being for more than the year is within the statute of frauds. 20 R. C. L. 812; 116 N. Y. 87, 22 N. E. 280, 5 L. R. A. 623. The intention of the parties is controlling. 75 Ala. 432; 147 Ala. 512, 40 South. 319; 180 Ala. 3, 60 South. 63.

Ellis & Matthews, of Birmingham, for appellee.

No brief reached the Reporter.

McCLELLAN, J. [1-4] Bill to dissolve a partnership, for an accounting of partnership affairs, division of partnership assets, and the appointment of a receiver to take charge of the affairs of the partnership,

filed by the appellee against the appellant. The respondent's demurrer to the bill being overruled, this appeal results. According to the authority of Glover v. Hembree, 82 Ala. 324, 8 South. 251, Causler v. Wharton, 62 Ala. 358, Tutwiler v. Dugger, 127 Ala. 191, 28 South. 677, and Russell v. Hayden, 201 Ala. 517, 78 South. 871, the bill is not subject to the demurrer. Since the partnership was organized, as averred, "for the purpose of marketing, preparing, and selling a drug, toilet preparation, or solution, and for the operation of a hair dressing parlor or emporium"—a trading concern—no writing was necessary to validly effect its creation. Russell v. Hayden, supra. The bill sufficiently avers the creation of the relation in 1913, the character of the enterprise to be promoted, the equal sharing in losses and profits by the complainant and respondent, the only members of the partnership, the conduct of the business up to a comparatively recent date, viz. July 1, 1920, and the presence of partnership property and funds subject, after payment of debts, to distribution on the dissolution prayed. It is not essential to the perfection of this character of bill, on the authorities before cited, to aver specifically what contribution the complainant made originally, in order to constitute the partnership adequately described.

The decree overruling the demurrer is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.