(95 South. 10)

### HELLER v. BERLIN.    (6 Div. 757.)

(Supreme Court of Alabama.  Jan. 11, 1923.)

**1. Partnership ⊜➛12—Sharing of both profits and losses requisite.**

To constitute a partnership, as between the parties, there must be community of interest in losses, as well as in profits.

**2. Partnership ⊜➛327(1)—Bill for accounting not alleging sharing losses defective.**

The first requisite of a bill for partnership accounting is the existence of the partnership, and a bill which alleges a sharing of profits, but is silent as to losses, is clearly defective and subject to demurrer.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Abe Berlin against A. M. Heller. From a decree overruling demurrers to the bill respondent appeals. Reversed, and remanded.

Mathews & Mathews, of Bessemer, for appellant.

The bill does not allege what contribution complainant made to the partnership or what interest he has therein, and is fatally defective. 72 Ala. 562; 35 Ala. 74; 67 Ala. 560.

Goodwyn & Ross, of Bessemer, for appellee.

Where a partner excludes another partner from participation in the partnership business, and refuses to render any account of said business, it is ground for the dissolution of the partnership in equity, and the bill, sufficiently averring these facts, was sufficient. 142 Ala. 444, 38 South. 664, 4 Ann. Cas. 459; 206 Ala. 125, 89 South. 272; 116 Ala. 247, 22 South. 531; 201 Ala. 517, 78 South. 871.

GARDNER, J.  Bill by appellee against appellant for the dissolution of a partnership and an accounting of the partnership affairs. There were numerous assignments of demurrer interposed by the respondent, and from the decree overruling the demurrer this appeal is prosecuted.

The general equity of bills of this character, with proper averments, is well recognized. Williams v. Williams, 206 Ala. 125, 89 South. 272; Tutwiler v. Dugger, 127 Ala. 191, 28 South. 677; Russell v. Hayden, 201 Ala. 517, 78 South. 871; Gillett v. Higgins, 142 Ala. 444, 38 South. 664, 4 Ann. Cas. 459. Some of the requisites for such a bill are stated in Tutwiler v. Dugger and Russell v. Hayden, supra.

One of the assignments of demurrer takes the point that the averment of the partnership existing between the parties is a mere conclusion of the pleader, without the statement of facts disclosing that in fact a partnership had been formed, and it is also insisted that the bill is vague and indefinite, in failing to aver the interest of the respective parties in the partnership affairs.

[1] While the bill alleges an agreement that the parties were to share in the profits, it is silent upon the question of liabilities of the firm. It is recognized by the decisions of this court that to constitute a partnership inter sese, there must be a community of losses as well as profits. Mayrant v. Marston-Brown & Co., 67 Ala. 453; Pulliam v. Schimpf, 100 Ala. 362, 14 South. 488; Hill v. Hill, 205 Ala. 33, 88 South. 224; 30 Cyc. 380.

[2] As said by this court in Tutwiler v. Dugger, supra:

"To present a case for an accounting in equity as between partners, the bill should, as a first requisite, show the existence past or present of a partnership between the complainant and those with whom he seeks to account."

The bill in the instant case fails to aver facts sufficient to constitute a partnership inter sese, and also fails to disclose the interest of the parties in the alleged partnership affairs. While the bill may not be wanting in equity under the decision of this court in Hill v. Hill, supra, yet it is clearly defective as a bill for an accounting between partners under the foregoing decisions of Tutwiler v. Dugger and Russell v. Hayden. The demurrer takes the point, and should have been sustained.

The decree of the court below will therefore be reversed, and the cause remanded. Complainant may amend the bill within 30 days.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.