(119 So. 840)

## LONGSHORE. v. HAYDEN. (6 Div. 163.)

Supreme Court of Alabama. Jan. 24, 1929.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

Parrish & Spencer and W. A. Weaver, all of Birmingham, for appellee.

SAYRE, J. The averment of the bill is that the parties "by verbal agreement formed themselves into a copartnership * . * * as follows: Complainant and defendant agreed to become equal partners in a firm to be known and designated as Longshore and Hayden, * * * to act as fiscal agent and to sell twenty thousand shares of the capital stock of the State Savings and Loan Company, a corporation." Appellant appears in the brief to construe this and other language of the bill of complaint—nothing, however, to the contrary of this—as capable of the construction that there was no perfected agreement for a partnership, but only a prophecy or perhaps a promise of a partnership. We construe the bill to mean that by contract or agreement a partnership was formed between the parties in præsenti, and so, in our judgment, this criticism of the bill falls to the ground.

■ The bill is further criticized for that, it is said, the court judicially knows that "the personal employment of an agent to sell goods is not the subject of a partnership, nor can an agent be permitted to thrust another joint agent upon the principal without the principal's consent." This objection is answered by the averment of the bill which is that complainant "secured for said partnership the said business of acting as fiscal agent of said company for the sale of its authorized capital stock as aforesaid," and more to the same effect, though the rest, it may be conceded, is not averred in terms of categorical import. The objection to the bill was correctly overruled in the chancellor's decree.

■ Finally, the objection is made that complainant's bill shows that he had an adequate remedy at law. At one time in some jurisdictions it was held that one of two partners might have an action at law against the other where there was no complication nor many items to be accounted for, but even there chancery had jurisdiction if the accounting between the parties would involve numerous items. See Holmes v. Hunt, 122 Mass. 505, 23 Am. Rep. 381, for an historical sketch of the common-law action of account. In this state, as we understand, it has always been the law that upon dissolution, or upon the happening of a cause of dissolution, any partner might go into equity for a settlement of the partnership affairs, because there is to be found the most convenient and thorough process for the settlement of such affairs. Dugger v. Tutwiler, 129 Ala. 258, 30 So. 91; Treadaway v. Stansell, 203 Ala. 52, 82 So. 12.

The decree overruling appellant's demurrer to the bill will be affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.