139 So. 221

## COPELAND v. KING.
### 6 Div. 922.

Supreme Court of Alabama.
Jan. 21, 1932.

See, also, Ex parte Copeland, 222 Ala. 416, 133 So. 1.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellant.

Vassar L. Allen, of Birmingham, for appellee.

KNIGHT, J.

A. L. King, the appellee, filed his suit in the circuit court of Jefferson county, law side of the docket, to recover of the appellant, defendant in the court below, a certain specified sum of money. This suit was upon the common counts. At or about the time defendant filed his plea of the general issue in the cause, the plaintiff filed a motion to transfer the cause to the equity side of the docket, assigning this ground: "For that said cause of action grew out of the partnership business of the firm of Copeland and King, said partnership being composed of E. R. Copeland and A. L. King; that there has never been any settlement of said partnership affairs or account stated, or balance struck between plaintiff and defendant, who were partners, and it now appears that an equitable accounting will be necessary for a final conclusion of said cause." This motion was duly verified by the plaintiff. The court made the order transferring the cause to the equity side of the docket of the court. Thereafter the said A. L. King filed his bill of complaint in the cause, in all respects as required by section 6491 of the Code.

In his bill, the complainant, King, averred that on or about the first day of October, 1924 (date material), he and the said respondent formed a partnership in the city of Birmingham for the practice of the law, under the

name and style of Copeland & King; that the partnership did engage in the practice of the law in the city of Birmingham until some time in April or May, 1925, when the respondent moved to Miami, in the state of Florida, and in effect abandoned the partnership, so far as taking any active part in its work; that the partnership handled all such matters and causes as came into its hands upon the basis of "an equal division of net profits after payment of office expenses between complainant and respondent"; and that there has not been any formal dissolution of the affairs of said partnership; and, inasmuch as a law action cannot be maintained between partners for settlement of the affairs of the partnership, complainant has no remedy for the ascertainment of his rights and interest in the earnings of said partnership, except a proceeding in chancery. The complainant further averred that he had on various and sundry occasions requested of respondent a settlement and adjustment of the affairs of the partnership, which had been denied and refused by the respondent for several months.

Respondent Copeland filed numerous grounds of demurrer to the bill of complaint, among them the general demurrer challenging the equity of the bill. The chancellor overruled the amended demurrer, and, from this decree, the present appeal is prosecuted.

In the case of Dugger v. Tutwiler et al., 129 Ala. 258, 30 So. 91, 92, this court stated what were the essential allegations of a bill for settlement of a partnership. In this case, it is held: "The essential allegations of the bill of complaint are, the fact of partnership between the parties, a dissolution or the grounds for seeking one, and unsettled accounts growing out of the partnership business." 15 Enc. Pl. & Pr. 1083; Glover v. Hembree, 82 Ala. 324, 8 So. 251.

In the case of Heller v. Berlin, 208 Ala. 640, 95 So. 10, it is said:

"While the bill alleges an agreement that the parties were to share in the profits, it is silent upon the question of liabilities of the firm. It is recognized by the decisions of this court that to constitute a partnership inter sese, there must be a community of losses as well as profits. Mayrant v. Marston-Brown & Co., 67 Ala. 453; Pulliam v. Schimpf, 100 Ala. 362, 14 So. 488; Hill v. Hill, 205 Ala. 33, 38 So. 224; 30 Cyc. 380.

"As said by this court in Tutwiler v. Dugger [127 Ala. 191, 28 So. 677], supra: 'To present a case for an accounting in equity as between partners, the bill should, as a first requisite, show the existence past or present of a partnership between the complainant and those with whom he seeks to account.'"

It is earnestly insisted by appellant that the averments of the bill do not show that there existed between the appellant and appellee a partnership in fact; that, inasmuch as the agreement set up as having been entered into by them did not provide for a community of losses as well as profits, there was no partnership in fact. In support of this contention, the case of Heller v. Berlin, supra, is cited. We are also of the opinion that, to create a partnership inter sese, there must be a sharing in the burdens; the losses, as well as in the profits, accruing. But, we do not agree with counsel for appellant that the bill in this case is defective for the failure to aver that there was an express agreement between the parties to share the losses. This would be implied; that is to say, an agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated.

The agreement brought forward by the bill in this case, and relied upon by appellee to show the creation of the partnership, was entered on or about the first day of October, 1924. On the 17th day of August, 1924, the Code of 1923 became operative, and with it, of course, section 9372 went into effect. This section reads: "When division of losses implied.—Any agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated." This hearing in the losses is now, as it has always been, an essential requisite of every partnership. Under section 9372 of the Code, unless it is otherwise expressly stipulated, an agreement to share in the profits of a business implies an agreement for a corresponding division of the losses.

There is nothing in the agreement alleged to have been entered into between appellant and appellee to remove this case from the influence of the above-cited statute. It therefore follows that the agreement entered into between appellant and appellee constituted a partnership between the parties, with all its incidents. The bill contains equity, and is not subject to the demurrer interposed thereto.

It is contended by appellant that the item of $4,000, which appellee insists should enter into the partnership accounts, can and ought to be settled in a court of law, and without a resort to a court of equity. Appellee avers in his bill that this was partnership business and was conducted by the partnership. Courts of equity having acquired jurisdiction, under some equity head, of the subject-matter and the parties, will adjudge and settle all rights growing out of the controversy or incident to it, though some of them, separately considered, are of purely legal cognizance. West v. West, 90 Ala. 458, 7 So. 830; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Marshall v. Marshall, 86 Ala. 383, 5

So. 475; Virginia & Ala. M. & M. Co. v. Hale & Co., 93 Ala. 542, 9 So. 256; Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 43 So. 805, 9 L. R. A. (N. S.) 1255; Bethea el al. v. Bethea, 139 Ala. 505, 35 So. 1014.

It will be observed also that the demurrers are addressed to the bill as a whole, and for this reason, if for no other, the demurrer going to that part of the bill which sought relief as to the $4,000 item was properly overruled.

The bill was not subject to any of the grounds of demurrer assigned thereto, and argued by counsel, and it follows that the decree appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.