## ARD v. ABELE.
### 6 Div. 318.

Supreme Court of Alabama.
May 18, 1933.

Gordon Abele and Robert E. Smith, both of Birmingham, for appellee.

B. F. Smith, of Birmingham, for appellant.

GARDNER, Justice.

Bill for dissolution of a partnership and an accounting.

We construe the bill as sufficiently disclosing the formation and operation of a partnership, and the exclusion of complainant by defendant from further participation therein, justifying a decree of dissolution and accounting. Such relationship, under these circumstances, entitles complainant to an accounting and settlement of the partnership business as an independent equity, regardless of the nature of the account, whether simple or complicated. Reilly v. Woolbert, 196 Ala. 191, 72 So. 10; Glover v. Hembree, 82 Ala. 324, 8 So. 251; Dugger v. Tutwiler, 129 Ala. 258, 30 So. 91; Heller v. Berlin, 208 Ala. 640, 95 So. 10.

The bill specifically avers "the understanding that each partner was to share in the profits and divide the losses of the said firm," which the argument for complainant appears to overlook, as well as provisions of our present statute. Section 9372, Code 1923; Cunningham v. Staples, 216 Ala. 531, 113 So.

590; Copeland v. King, 224 Ala. 160, 139 So. 221. Nor is it essential to the perfection of this character of bill to aver specifically what contribution the complainant originally made in order to constitute the partnership adequately described, as expressly held in Williams v. Williams, 206 Ala. 125, 89 So. 272.

Defendant insists that the bill is properly to be construed to the effect complainant was to and did contribute to the partnership his services only, which would not suffice; a contribution of money or property of value being essential. But the matter of formation of a partnership is one ordinarily to be determined upon the intention of the parties (47 Corpus Juris, 684; Cunningham v. Staples, supra), and it is held generally (47 Corpus Juris, 666) that the contributions of the partners need not necessarily be money or property, but may consist of services or skill entirely—a rule illustrated by some of our decisions. Couch v. Woodruff, 63 Ala. 466; McCrary v. Slaughter, 58 Ala. 230; Brooke v. Tucker, 149 Ala. 96, 43 So. 141; Fred Gray Cotton & Gin Co. v. Smith, 214 Ala. 606, 108 So. 532.

Of course, where one merely renders services under an agreement to accept a share of the profits as compensation, this does not of itself constitute such person a partner in the business. 47 Corpus Juris, 682; McCrary v. Slaughter, supra.

The bill here, however, discloses no such situation, but alleges a partnership and shows a community of profit and loss and interest in the property and assets of the firm. Defendant's argument in this regard is refuted by the bill's averments. Nor do we think the bill subject to the objection that the matter of partnership is averred as a mere conclusion of the pleader (Dugger v. Tutwiler, supra), as much detail as to those composing the firm, its business, profits and assets and complainant's exclusion therefrom is found in the bill. Glover v. Hembree, supra. Perhaps the bill does not represent the perfection of pleading, particularly in its failure to more precisely aver the interest of each partner in the firm business (Dugger v. Tutwiler, supra; Heller v. Berlin, supra; Id., 210 Ala. 549, 98 So. 803); but we find no specific assignment of demurrer taking that point, and any such supposed defect need therefore not be considered.

Suffice it to say the bill was not subject to the assignments of demurrer interposed thereto, and the decree is accordingly due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.