44 So.2d 12

**YOUNG v. DEAN.**

3 Div. 545.

Supreme Court of Alabama.

Jan. 19, 1950.

Edwin C. Page, Jr., of Evergreen, for appellee.

Howard Haygood, of Greenville and Jones & Key, of Evergreen, for appellant.

FOSTER, Justice.

This case comes to us on appeal from a decree overruling demurrers to a bill in equity.

■ The demurrer is in effect addressed to the bill as a whole. So that if any aspect of it is not subject to any assignment of the demurrer, the demurrer was properly overruled. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Anniston Banking & Loan Co. v. Worsham, 227 Ala. 48, 149 So. 91; 8 Ala.Dig., Equity ⟨Key⟩232. But if all aspects are subject to some ground of the demurrer, it should have been sustained. Shamblee v. Wilson, 233 Ala. 164, 170 So. 769(7).

The bill is not framed in terms as of different aspects. But its allegations and prayer serve to call into exercise two forms of equitable relief. One is for a partnership settlement: another is for a discovery in aid of a legal claim and an accounting. The claim for discovery and accounting may be considered together.

We will first inquire into its sufficiency as one to settle a partnership which is alleged to have been dissolved by the death of complainant's testator. The allegations of the bill material to that aspect are as follows: "At the time of his death (complainant's testator), he was operating as a partner, along with his sister-in-law, Bertha Young (the respondent) a general mercantile and hardware business in Conecuh County, Alabama; * * * that he was the owner at the time of his death of a one-half interest in said mercantile and hardware business, * * * and store business was so operated by him for more than fifteen years. That during said period of time, the respondent, Bertha Young, was a partner in said mercantile and hardware business only, and worked in the same and managed the same jointly with Walter Young (complainant's testator), * * * that Walter Young, deceased, and the said Bertha Young were sister-in-law and brother-in-law and were jointly engaged in the furtherance of a joint enterprise, namely, the operation of said mercantile and hardware business."

The other allegations of the bill do not affect its sufficiency as one to have a partnership settlement. So that we reach the question of whether those allegations are sufficient against demurrer with apposite grounds to support that aspect of the bill.

■ We are not without ample precedent among our cases defining the essentials of such a bill. They declare the rule to be that it is necessary to allege the terms and conditions of the contract alleged to be a partnership so that it might be seen from the facts whether a partnership was really formed or not; and particularly the interest of each partner; that each of them had such interest in both the profits and losses; when it was created and how long it continued before it was dissolved; and that there has been no settlement of its affairs. Little v. Snedecor, 52 Ala. 167; Tutwiler v. Dugger, 127 Ala. 191, 28 So. 677; Russell v. Hayden; 201 Ala. 517, 78 So. 871; Williams v. Williams, 206 Ala. 125, 89 So. 272; Hill v. Hill, 205 Ala. 33, 88 So. 224; Copeland v. King, 224 Ala. 160, 139 So. 221.

In the case of Hill v. Hill, supra, the bill contained the proper allegations of fact to comply with the foregoing requirements, and the court so stated, but also observed that since equity had jurisdiction to settle a joint adventure as well as a partnership, a failure to show a technical partnership would not affect the equity of the bill, nor prevent the granting of appropriate relief. That statement is largely relied on by appellee to support the decree overruling the demurrer in the instant case. But it will be noticed that the court there referred to the *equity of the bill,* and not whether it was subject to demurrer pointing out the failure to allege the facts from which the conclusion was stated in the bill.

We find no authority which supports the idea that a bill is not subject to such a demurrer when it fails to allege the terms and conditions of the contract alleged to constitute a partnership, although the bill may have equity and not be subject to a general ground that it has no equity. It would

still be subject to grounds of demurrer which point out the failure to allege the facts upon which it is claimed that a partnership was created.

■ We are clear that the allegations of the bill in this case were not sufficient on demurrer to meet the requirements of law and good pleading. The respondent is entitled to know whether it is claimed that there existed a partnership or joint adventure. The bill uses both terms in describing their relationship, but fails to allege the facts necessary to be known to determine whether a partnership or joint adventure existed.

■ If the complainant is ignorant of those facts, as well she might be, in order to frame a bill without allegation of them, it is necessary to allege that she is ignorant of those facts and the terms of the agreement by which the partnership was created, and could well seek a discovery from respondent of these details and thereby relieve the bill of the defect.

It is to be noticed in this connection that such a discovery would be in aid of an equitable claim and not in aid of one which is purely legal in its features, as to which a different principle applies. Shelton v. Timmons, 189 Ala. 289, 66 So. 9. We therefore think that aspect of the bill which seeks a partnership settlement is subject to the demurrer which pointed out the defects to which we have referred.

But if the other aspect of the bill is sufficient against the demurrer interposed, it was properly overruled, since the demurrer was addressed to the bill as a whole.

The other aspect of the bill seeks a discovery and accounting. It does not seek a discovery, as we have stated, of the terms and conditions of the agreement forming the partnership. It alleges that at the time of the death of complainant's testator, he was the owner of certain described personal property, cash money, mortgages and securities, the exact amount being unknown to her, and that for many years he resided in the same residence with respondent who was his sister-in-law; that he operated a large farm and was an extensive grower of cotton and strawberries;

that he operated the mercantile and hardware business and farm business over a period of many years, with the store business as a source of supply for the farm, and that after the death of Walter Young the complainant made demand upon the respondent for the distributive interest of complainant, individually, as the sole heir of the deceased, and the respondent denied that the deceased had any assets at the time of his death; but complainant alleges that respondent has continuously had possession of the assets and property of the deceased, and that she now has in her possession the stock of goods and all assets of said business, and has Government bonds, cash money, proceeds of the bank accounts and other property of the deceased, and has failed and refused upon demand to deliver them, or any part thereof to complainant as the sole surviving heir of deceased, and has appropriated the same to her own purposes: that deceased and respondent lived in a joint homestead and occupied toward each other fiduciary relationship; and complainant is not informed as to the exact amount of the assets and property that Walter Young had at the time of his death, and that the books, accounts, documents and records are now in her possession, and are extensive, and that the transactions are numerous and complicated. That no other person has an intimate knowledge of said books and accounts as the respondent, Bertha Young; that by reason of the complicated nature of the affairs of decedent, which are in the custody, possession and control of respondent, without the knowledge of any other person, a discovery and accounting are necessary for the determination of the assets which should be delivered to complainant, and thence be distributed to her individually.

Insofar as the bill seeks a discovery of property of decedent in possession of respondent, it is in aid of a purely legal demand or claim. Insofar as it seeks to obtain a judgment for the property in possession of respondent and which was owned by decedent, there is no equitable right shown unless it is for a discovery.

The rule is stated in the case of Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634, citing many cases, that when the effort is to obtain a discovery in aid of a purely legal demand it is necessary to show that complainant does not know some of the facts essential to support an action at law and/or has no legal means of ascertaining and proving them except by an answer of respondent. That is in effect that such facts are peculiarly known to respondent and cannot be otherwise proven. Merrill v. Ritch, 235 Ala. 155, 177 So. 886; Employers Ins. Co. of Alabama v. Rhodes, 240 Ala. 226, 198 So. 616; Pate v. Bruner, 243 Ala. 648, 11 So.2d 356; Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893.

In order to sustain a bill for discovery and accounting, which seeks no other equitable relief, properly alleged, it is sufficient if it shows facts which sustain an allegation that the accounts are complicated, when on one side only, or trust relations exist between the parties, or a necessity for a discovery of the matters wholly within the respondent's knowledge, or such fraud or wrong dealing as would authorize equity to take cognizance thereof. City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Comer v. Birmingham News, 218 Ala. 360, 118 So. 806; Ingram v. People's Finance & Thrift Co., 226 Ala. 317, 146 So. 822; First National Bank of Oneonta v. Lowery, 234 Ala. 56, 173 So. 382; Compton v. Gilder, 176 Ala. 309, 58 So. 271.

The bill contains allegations which are required to be alleged in order to support its equity as one for a discovery and accounting. It does not offer to do equity. The demurrer specifically points out that defect.

The general rule is that he who seeks equity must do equity, and that his bill must so offer. This rule has been held not to apply when the bill shows that complainant is not required to do anything in good conscience as a condition to the granting of relief. Head v. Carroll, 230 Ala. 688, 163 So. 328; Davis v. Anderson, 218 Ala. 557, 119 So. 670. The rule also obtains that in general a respondent in equity cannot have affirmative relief except upon cross bill. An exception to this rule is where the complainant seeks an accounting. O'Kelley v. Clark, 184 Ala. 391, 63 So. 948. The principle upon which this exception is based is that the complainant in such a suit must offer to do equity when he seeks equity of respondent. Sims Chancery Practice, section 643, page 424. See, also, Branch Bank at Mobile v. Strother, 15 Ala. 51, 60, 61. A bill for an accounting against respondent contemplates that if on an accounting the result is in favor of respondent, complainant ought to be adjudged to pay such amount. This is also contemplated by the deficiency judgment rule of Chancery Practice. Rule 119½, 240 Ala. See Pocket Part of Code, Equity Rules, Code 1940, Title 7 Appendix. It was probably upon a consideration of those principles that this Court in Shamblee v. Wilson, 233 Ala. 164, 170 So. 769, held that a bill for accounting is demurrable for complainant's failure to offer to do equity. That is the only defect in the bill insofar as it seeks a discovery and accounting, which the demurrer has pointed out.

The result is that in both aspects, the bill is subject to some ground of demurrer and, therefore, it should have been sustained. The decree of the trial court is reversed and one will be here rendered sustaining the demurrer to the bill. Complainant has a right under Equity Rule 28(f) to amend the bill without express leave of the court to do so. Duncan v. Hornsby, 236 Ala. 217, 181 So. 763. This right should be exercised under the direction of the trial court.

Reversed, rendered and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.