89 So.2d 183

**L. G. TURNER et al.**

v.

**Charles R. RAINEY.**

**6 Div. 27.**

Supreme Court of Alabama.

Aug. 2, 1956.

Jas. M. Fullan, Jr., Birmingham, for appellants.

Hogan & Callaway and Robt. S. Vance, Birmingham, for appellee.

688

LAWSON, Justice.

Bill to dissolve a partnership, for an accounting of partnership's affairs, division of partnership assets, for the appointment of a receiver to take charge of the affairs of the partnership and to enjoin interference with the receiver in the performance of his duties, filed by the appellee against the appellants. The demurrer of the respondents being overruled this appeal results.

The bill avers the creation of the relation on November 1, 1952, to end on October 31, 1955, but avers that the partnership was doing business on November 28, 1955, the day on which the bill was filed. The bill sufficiently avers the character of the enterprise, the manner in which the partners were to share in the profits and losses, the contribution made by the partners, the exclusion of appellee by appellants from participation in the business and their refusal to make any settlement with appellee.

The partnership relation shown by the averments of the bill would entitle complainant to an accounting and settlement of the partnership business, as an independent equity, regardless of the fact that the bill was filed after October 31, 1955. So conceding without deciding that the bill fails to make out a case for dissolution, because filed after October 31, 1955, such concession would not affect appellee's right to an accounting and settlement, and we are concerned here only with grounds of demurrer addressed to the bill as a whole. In this state, according to our understanding, it has always been the law that after dissolution, or upon the happening of a cause of dissolution, any partner might go into equity for a settlement of the partnership affairs, because there is to be found the most convenient and thorough process for the settlement of such affairs. Longshore v. Hayden, 218 Ala. 644, 119 So. 840, and cases cited.

Since the partnership was organized, as averred for the purpose of engaging in and conducting the business of buying and selling steel products, machinery, and equipment and the manufacturing and fabricating of steel products, no writing was necessary to validly effect its creation. Russell v. Hayden, 201 Ala. 517, 78 So. 871; Williams v. Williams, 206 Ala. 125, 89 So. 272.

The grounds of the demurrer taking the point that the bill is multifarious as well as those pointing out that the aver-

ments of the bill are vague, indefinite and uncertain are clearly without merit and were properly overruled.

According to the authority of Williams v. Williams, supra, and the cases there cited, and Ard v. Abele, 226 Ala. 611, 148 So. 318, the bill is not subject to any of the grounds of demurrer argued in brief filed here on behalf of appellants.

The decree overruling the demurrer is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.