Monroe v. Hamilton et al.

---

## MONROE *vs.* HAMILTON ET AL.

[BILL IN EQUITY FOR SETTLEMENT OF PARTNERSHIP ACCOUNTS, AND FORECLOS-
URE OF MORTGAGE.]

1. *Partnership; settlement of accounts in equity; multifariousness, and adequate legal remedy.*—A bill in equity, filed by one partner against his insolvent co-partner in the business of carrying on a farm for one year; asking a settlement of the partnership accounts, and the foreclosure of a mortgage executed by the defendant partner on his share of the crop to be raised, to secure an individual liability to the complainant,—is not obnoxious to the objection that there is an adequate remedy at law; nor is it demurrable for multifariousness, although several purchasers from the defendant partner, of different portions of the crop at differ-ent times, are united with him as defendants.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. A. W. DILLARD.

THE bill in this case was filed by Wm. O. Monroe, against Wm. M. Hamilton and others, and sought the settlement of partnership accounts between the said Monroe and Ham-ilton, arising out of their joint farming operations during

the year 1867, and the foreclosure of a mortgage executed by said Hamilton to secure an individual liability to said Monroe. Several other persons were joined as defendants with Hamilton, on the allegation that they had purchased, at different times, portions of the crop from Hamilton, with notice of the mortgage. Hamilton, who was alleged to be insolvent, made no defense, and a decree *pro confesso* was entered against him. The other defendants demurred to the bill, for multifariousness, and because the complainant had an adequate remedy at law. The chancellor sustained the demurrer, on both grounds, and his decree is now assigned as error.

J. B. CLARK, and R. CRAWFORD, for appellant.—1. A mortgagee, with power to take possession and sell, may, undoubtedly, in some cases, maintain an action at law against any one who has wrongfully possessed himself of the mortgaged property.—*Hopkins v. Thompson*, 2 Por. 433 ; 4 Kent, 154. But the more complete and appropriate remedy, in such a case as this, is in equity, where the rights of all the parties can be finally adjusted.—*Anderson v. Hooks*, 9 Ala. 704; *Guthrie v. Quinn*, 43 Ala. 561-7; *Halstead v. Shepard*, 23 Ala. 558; *Rogers v. Jones*, 1 McCord's Ch. 221.

2. The bill is not multifarious.—*Ambler v. Warwick*, 1 Leigh, 195; *Poston v. Eubank*, 3 J. J. Mar. 44. The object of the bill is single, and it does not attempt to enforce against the defendants demands wholly disconnected. All the defendants have a common interest in the subject of litigation, and claim through the same person, though by contracts made at different times. The case comes fully within the principles laid down by the following authorities: *Holman's Heirs v. Bank of Norfolk*, 12 Ala. 409; *Salvidge v. Hyde*, 5 Madd. 138; *Campbell v. Mackey*, 1 My. & Cr. 603; *Whaley v. Dawson*, 2 Sch. & Lef. 367; *Gaines v. Chew*, 2 How. (U. S.) 642; *Brinkerhoff v. Brown*, 6 Johns. Ch. 139, 157; *Boyd v. Hoyt*, 6 Paige, 65; 20 Pick. 368; *Bank v. Walker*, 7 Ala. R. 926, 949; *Guthrie v. Alexander*, 15 Iowa, 470; *Porter v. McAllister*, 6 Humph. 408; 10 Sim. 470; 12 Peters, 230; *Kennedy v. Kennedy*, 2 Ala. 609.

W. COLEMAN, and MORGAN & JOLLY, contra.—1. Hamilton, in disposing of the cotton, converted it. The several purchasers from him do not claim through the trustee, but in opposition to him, and have no connection with the partnership.—Colburn v. Broughton, 9 Ala. 351; Felder v. Davis, 17 Ala. 418. The bill unites a claim against Hamilton, to settle the partnership, with a claim, as mortgagee, against several purchasers from him, for separate and distinct conversions.—McIntosh v. Alexander, 16 Ala. 89; Halstead v. Shepard, 23 Ala. 568.

2. The remedy at law was adequate and complete.—Colburn v. Broughton, 9 Ala. 351.

SAFFOLD, J.—The bill was dismissed, on demurrer, for multifariousness and adequate remedy at law. It charged that the complainant, Monroe, had entered into a partnership in farming with the defendant Hamilton, for the year 1867. Certain specified expenses were to be borne by each separately, and others were to be incurred on their joint liability. The profits were to be divided equally. Hamilton, being obliged to borrow money to perform his part of the contract, obtained some directly from Monroe, and some upon a bill of exchange, which Monroe signed as his surety. To secure the repayment of this money, he mortgaged his entire interest in the farming business to his partner, Monroe, under the following stipulations: As soon as the crop was gathered, or in a reasonable time thereafter, Monroe was to take possession of it, and sell it for their mutual benefit; "after the sale, the parties were to settle their partnership liabilities, and divide the net profits into two equal shares; Monroe was to have his own share absolutely, and was to retain Hamilton's in trust, and refund himself the money borrowed from him, and pay the bill of exchange, returning the residue, if any, to Hamilton."

It was further charged, that, although Hamilton had paid the bill of exchange, the money due to the complainant was still unpaid, and also the partnership debts for which he was liable. Hamilton, without authority, had sold the

crop at different times, in the quantities specified, to the other defendants, and had left the State insolvent. Neither he, nor the other defendants, had accounted to the complainant for the said cotton.

The mortgage was duly recorded, and the transactions complained of occurred subsequently. The prayer of the bill was for an account of the partnership matters, and against the purchasers of the cotton, for an account of its value, and for general relief.

If the complainant has a right to the remedy he has chosen, the defendants should not object because he did not resort to a legal remedy, by which he might have dispossessed them not only of the share of the property he is entitled to, but also of that which they may in this action retain as the share of their vendor. A mortgagee, with a power of sale, may apply at once to a court of equity for a foreclosure of the mortgage.—*Anderson v. Hooks*, 9 Ala. 704. Chargeable as these purchasers are with the disabilities imposed on their vendor by his mortgage, they still have a claim under the purchase to his interest in the cotton, subject to its appropriation to the payment of the partnership liabilities and the other debts secured. How can the account be taken? how can a multiplicity of suits be avoided, except by a resort to chancery?—Story on Part. §§ 263, 264; 1 Story's Equity Jur. 676–683; *McGown v. Sprague*, 23 Ala. 524. The remedy at law is not adequate.

The bill is not multifarious. The defendants have a common interest touching its matter. They are interested in the same claim of right, and the relief asked for in relation to each is of the same general character.—Story's Eq. Plead. §§ 284, 285; *Holman v. Bank of Norfolk*, 12 Ala. 369–409.

The decree is reversed, and the cause remanded.