RUSSELL et al. v. HAYDEN. (6 Div. 698.)

(Supreme Court of Alabama. Jan. 11, 1923.)

1. Partnership ⊚=327(1)—Bill for accounting held sufficient to allege partnership as against general demurrer.

A bill, alleging that defendant's testator was conducting a business, that complainant advanced him a sum to invest for her, and subsequently she and testator formed a copartnership to conduct a medicine business, and as an incident thereto engaged in buying and selling real estate, that complainant contributed the sum already advanced for investment and its profits and testator contributed his business, and that she and testator were to be equal partners, sharing alike in the profits and losses, is sufficient as against general demurrer to allege a partnership, though the nature of the business of testator was not definitely stated, nor shown to be the same business in which the partnership engaged.

---

**2. Partnership ⬥⟹313—Bill containing equity for partnership settlement entitles complainant to accounting and discovery as incident thereto.**

Where the bill contains equity as one for the settlement of a partnership, the complainant is entitled to an accounting and discovery as an incident thereto.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Lucy M. Hayden against Mary B. Russell, individually and as executrix of the will of Ralph M. Russell, deceased, and Ralph L. Russell, for settlement of partnership affairs, etc. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

Frank S. White & Sons and John C. Carmichael, all of Birmingham, for appellants.

The bill of complaint should set out the terms of the partnership agreement definitely, and should not consist merely of the conclusions of the pleader that such an agreement had been made. 22 A. & E. Ency. Law (2d Ed.) 14; 127 Ala. 191, 28 South. 677; 52 Ala. 167; 15 Ency. Pl. & Pr. 1028; 3 Iowa, 185; 51 Conn. 133; 145 Ala. 681; 135 Ala. 381, 33 South. 633; 71 N. J. Eq. 315, 63 Atl. 1115; 82 Ala. 324, 8 South. 251; 86 Ala. 562, 6 South. 83, 11 Am. St. Rep. 67; 26 Cal. 69; 35 Mo. 362; (Ky.) 58 S. W. 372; 178 Ill. 506, 53 N. E. 330; 62 Ala. 350.

Harsh, Harsh & Harsh and Erle Pettus, all of Birmingham, for appellee.

No brief reached the Reporter.

ANDERSON, C. J. [1] Upon former appeal (201 Ala. 517, 78 South. 871) this court held that the bill of complaint was defective, in that it failed to sufficiently set out the facts or particulars of the contract, express or implied, of the claimed copartnership. Since the reversal several amendments have been made to the bill, and we are of the opinion that the bill as last amended was not subject to the grounds of demurrer as are insisted upon in the argument of counsel upon this appeal. As we gather from the averments of said amended bill, Ralph M. Russell was conducting a business in Birmingham; that the complainant advanced him $7,500 to invest for her benefit; that subsequently she and the said Russell formed a copartnership to conduct a medicine business, and as an incident thereto engaged in buying and selling real estate; that the complainant was to contribute said $7,500 or its equivalent into which it had been invested, including the profits arising therefrom, and Russell contributed the business that he was then conducting, and that they were to be equal partners and owners and to share alike in the profits and losses, and each of them to give their personal attention and service to the business. True, the bill is not as specific and clear, perhaps, as it might be, but it does contain a sufficiency of facts as to constitute a legal partnership, and does not charge the same by way of conclusion merely, and was not subject to the grounds of demurrer interposed thereto testing the partnership theory of the case. The bill does aver that in addition to the medicine business they were to engage in various other lines, but the other lines are defined to be "such as buying and selling real estate," and there is no ground of demurrer challenging its failure to set out or define the other lines of business, if any there were, into which they were to engage. Nor does the bill describe or define the business then conducted by the said Russell, or inform us whether it was a separate and independent one, or was identical to and merged into the one to be conducted by the firm, and, from aught appearing, Russell may have contributed some independent business towards the assets of the firm, but this defect is not pointed out by any specific ground of demurrer.

[2] As the bill contains equity as one for the settlement of a partnership, the complainant is entitled to an accounting and discovery as an incident thereto.

Whether the bill is defective as to the other things averred and sought, such as removal of the settlement of Russell's estate into the chancery court, we are not called upon to decide, as these questions are not raised or discussed in the brief of appellant's counsel.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes