21 So.2d 322

**NOLEN v. WILEY et al.**

**6 Div. 284.**

Supreme Court of Alabama.

March 1, 1945.

Harvey Deramus, of Birmingham, for appellant.

Francis H. Hare, of Birmingham, for appellees.

LIVINGSTON, Justice.

The original bill in this cause sought a settlement of the affairs of a partnership

existing between the parties to this suit, the appointment of a receiver pending such settlement, and a temporary injunction restraining respondent from wrongfully disposing of the assets of the partnership pending such settlement. By amendment, the bill was sworn to. On the verified bill of complaint as amended, complainants' petition for the appointment of a receiver was granted, but the appointment held in abeyance pending complainants' execution of a bond in the sum of $20,000.

The bill now before us, by way of amendment, alleges in substance that as the proceedings thus stood, the parties agreed to employ a public accountant to determine a proper accounting and settlement between the parties; that the parties could not agree on the accounts stated by the accountant, but that the parties themselves did agree on a settlement of the partnership's affairs, and which agreement was reduced to writing and signed by the parties. (The agreement is attached to and made a part of the bill of complaint as amended. By its terms, the respondent Nolen agreed to purchase the interests of complainants Sager and Wiley at and for the sum of $9,-800, of which sum $2,000 was paid in cash, the balance to be paid in one week from the date of the agreement. Nolen agreed to assume all the obligations of the partnership and agreed to hold Sager and Wiley harmless in respect thereto.) The bill as amended further alleges that upon the execution of said written agreement the parties to the bill agreed at said place and time, verbally, that respondent should pay to the complainants the said sum of $7,800, mentioned in said writing, out of the monies and assets of said partnership, and that the delivery and effect of said writing should be conditioned upon said payment by respondent to complainants within the time provided therein, and that respondent would not ·exercise dominion over the assets of said partnership or dispose thereof until such payment of $7,800 had been made to complainants; that respondent has failed or refused to pay to complainants said balance of $7,800 or any part thereof within the time agreed, or at all, and that respondent has taken and converted to his own use and benefit, and exercised dominion over, the monies and assets of said partnership, and has collected its accounts and is so controlling and managing its properties and assets as to render or likely to render said business insolvent and in violation of the lien of complainants as partners and for the unpaid portion of $7,-800; that respondent has excluded complainants from control or possession of or benefits from said business, and from all profits or benefits from its operation, to complainants' great damage.

The bill prays for an accounting, or in the alternative that the agreement between the parties be taken as an accounting, a finding that respondent is indebted to complainants in the sum of $7,800, or such other sums as the court may find due, and that a decree be entered for such sum: that complainants have a lien on the assets of the partnership for such sum found to be due; that respondent be enjoined from wasting, disposing of or in any manner encumbering or conveying the assets of the partnership, and that the court appoint complainants receivers of said partnership, and for general relief.

The amendment to the original containing the verification was withdrawn, so that the amended bill now before us is unverified.

Demurrers to the bill as last amended were interposed, and overruled. Hence this appeal.

■ Equity Rule 12, Code 1940, Tit. 7 Appendix, provides that only bills which seek preliminary or interlocutory relief, or bills of discovery, need be sworn to. A bill is not rendered subject to demurrer by the failure to verify it, but unless so verified preliminary or interlocutory relief will not be granted.

While the bill here considered prays for an injunction, and for the appointment of a receiver, the question is not whether the relief should be granted but whether the bill is subject to demurrer. If complainants do not seek to have the court grant the preliminary or interlocutory relief, the affidavit is unnecessary. If it is sought, then the bill must be verified by sufficient affidavit. Birmingham Belt R. Co. v. City of Birmingham, 211 Ala. 674, 101 So. 599; Campbell v. State, 242 Ala. 141, 5 So.2d 401; Id., 242 Ala. 215, 5 So.2d 466.

■ The amendment to the original bill setting up the agreement of the parties, and praying the court to put it into effect by its final decree in the cause, proceeded upon the same equity of the original bill and was properly allowed as a continuation thereof. Equity Rule 28; Black· v. Woodruff, 193 Ala. 327, 69 So. 97, Ann.Cas. 1918C, 969.

484

In the case of Bard v. Bingham, 54 Ala. 463, this Court said:

"The contract of partnership, not committing the partnership effects to the exclusive possession of either of the parties, each partner has an equal right to the possession, and if wrongfully excluded, a court of equity will, on a proper case being shown, intervene for his relief. The interference may be by compelling specific performance of the contract; or by injunction against a continuance of the exclusion; or by decreeing dissolution, if a case for dissolution is shown, and the appointment of a receiver pending the suit. The granting an injunction, arresting the one partner in his control and management of the partnership effects, or the appointment of a receiver, withdrawing the effects from the possession of all the partners, and taking them into the custody of the court, are stringent measures, not to be resorted to unless it appears they will operate entirely remedially, will promote the interests of the partnership as an entirety, and will not inflict injury, beyond what the character or the exigency of the case justifies.

"The authorities affirm as a general rule, that where a bill is filed seeking a dissolution of a partnership, and it satisfactorily appears that the complainant will be entitled to a decree for dissolution, a receiver will be appointed of course. The reason being that the same causes which would justify a decree for dissolution generally justify the appointment of a receiver.—Kerr on Receivers, 82 (note 1). The appointment of a receiver, in all cases, rests in the sound discretion of the court, and in determining its propriety, the facts of each particular case are to be considered.—Ex parte Walker, 25 Ala. 81."

See, also, Gillett v. Higgins, 142 Ala. 444, 31 So. 664, 4 Ann.Cas. 459; Brooke v. Tucker, 149 Ala. 96, 43 So. 141.

An action for a partnership settlement and accounting is a proceeding in equity, and until the partnership is dissolved, the business wound up, the accounts finally settled, a partnership accounting is, as a general rule, the only civil remedy available to a partner against his copartners with respect to any claims arising out of the partnership business. Monroe v. Hamilton, 47 Ala. 217; 47 Corpus Juris, § 900, p. 1198; Russell v. Hayden, 208 Ala. 629, 95 So. 34.

The partnership relationship under the allegations of the bill would entitle complainants to an accounting and settlement of the partnership business, as an independent equity, regardless of the nature of the account, whether complicated or simple. In this aspect, the bill was not subject to any demurrer interposed. Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas.1916D, 815; Keilly v. Woolbert, 196 Ala. 191, 72 So. 10.

Fraud is not the basis of the cause of action here stated, and demurrers taking the point that fraud cannot be alleged as a mere conclusion of the pleader were properly overruled.

The bill of complaint as last amended is not subject to any of the grounds of demurrer argued in appellant's brief. The cause is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.