This is a venue case. The petitioner (plaintiff below) seeks a writ of mandamus to compel the trial judge to set aside an order transferring a malicious prosecution suit from the Tuscaloosa County Circuit Court to the Bessemer Division of the Jefferson County Circuit Court.
 HISTORY OF PROCEEDINGS October 12, 1977 Complaint filed in Jefferson County for trespass on land in Tuscaloosa County. January 9, 1979 Default judgment against defendant. January 8, 1980 Motion for relief from judgment, based on insufficient service of process. April 4, 1980 Motion granted. April 9, 1980 Motion for change of venue. May 9, 1980 Motion granted. Case transferred to Tuscaloosa County. October 27, 1980 Case dismissed for lack of prosecution in Tuscaloosa County. October 21, 1981 Complaint for malicious prosecution filed in Tuscaloosa County. November 17, 1981 Motion for change of venue. May 12, 1982 Trial court ruled Tuscaloosa County had neither jurisdiction nor venue and ordered case transferred to Jefferson County.
The original complaint, claiming trespass, was filed in Jefferson County and involved the alleged cutting of timber on property situated in Tuscaloosa County. The second complaint (brought by the defendant in the trespass action), filed in Tuscaloosa County after the dismissal of the trespass action, claims damages for malicious prosecution and specific performance of an alleged timber contract.
 THE ISSUE
Whether venue for this malicious prosecution action lies only in Jefferson County where the suit for trespass was originally filed, or could it be transferred and terminated *Page 257 
in Tuscaloosa County, since it was a trespass action?
 PETITIONER'S CONTENTIONS
The petitioner argues that Tuscaloosa County is the proper venue for the malicious prosecution suit because:
1. The action was brought where the wrong was committed;
2. The suit involves property in Tuscaloosa County; and
3. Venue was proper as to the non-resident defendants; and, thus, venue was also proper as to the defendant from Jefferson County.
 RESPONDENTS' CONTENTIONS
The respondents, in an excellent brief supporting the order of transfer, make these points:
 "After the Court in Jefferson County transferred the suit to Tuscaloosa County, the suit remained pending in Tuscaloosa County for approximately five months. During this time, [the defendants in the instant action] never filed any pleading, engaged in any discovery, or took any action whatsoever in the suit. The record reveals that the only action that occurred in Tuscaloosa County was the Court's dismissal of the suit for want of prosecution.
* * * * * *
 "In this case, every action except termination occurred in Jefferson County. Only the ministerial act of dismissal connects the case with Tuscaloosa County, and although termination was essential to the tort, the acts of malice from which the tort arises occurred in Jefferson County. Consequently, the tort occurred in Jefferson County, and venue is proper there.
* * * * * *
 "Finally, Shuttlesworth contends that Rule 82 (d) [ARCP], which requires that a transferred action be treated as if originally filed in the new county, means that [the original] actions in Jefferson County can be construed to have occurred in Tuscaloosa County. The rule, however, is clearly a procedural one to guide courts in the administration of transferred cases. The rule could not possibly affect the substantive question of where the act of malicious prosecution took place."
 DECISION
Code 1975, § 6-3-2 (unaffected by ARCP 82), prescribes four criteria for determining venue of an action. Depending on the character and nature of the case, the action may be brought (1) in the county where a defendant resides; (2) where the act complained of occurred; (3) where real estate involved is located; or (4) where a nonresident defendant is found.
Petitioner contends that venue is proper in Tuscaloosa County under each of the latter three rules. We need only address the first of these: Because the trespass action against petitioner was transferred to, and terminated in, Tuscaloosa County, the alleged act of malicious prosecution occurred there.
We decide the central venue issue without regard to whether ARCP 82 (d) is to be taken literally in the instant context. Once the trespass action was transferred to Tuscaloosa County — the county in which the trespass allegedly occurred, and thus the only county which had proper venue — the trespass action remained as a pending prosecution in Tuscaloosa County from the instant the transfer was effected until it was dismissed more than five months later. Therefore, one of the elements of § 6-3-2 (a)(3) ("the county in which the act or omission complained of may have been done or may have occurred") has been met. And this is true irrespective of whether the trespass action is considered to have been filed or pending in Tuscaloosa County from the date of its original filing in Jefferson County or only from the effective date of the transfer to Tuscaloosa County.
Respondents can take no comfort in the court order, "dismissed with prejudice for want of prosecution." Such an adjudication *Page 258 
of dismissal, if construed as respondents contend would leave every defendant, who is the victim of a malicious prosecution without a remedy where the guilty plaintiff decided not to pursue the litigation and suffer a dismissal "for want of prosecution." The ground "for want of prosecution" for an order of dismissal signifies merely that the plaintiff defaulted in his pursuit of the claim; it could not, and does not, have the effect of wiping out the filing and pendency of the prosecution. See Buecker v. Carr, 60 N.J. Eq. 300, 47 A. 34, 36
(N.J. Ch. 1900).
The adjudication of dismissal of the original trespass action is an essential element of petitioner's claim for malicious prosecution (See Johnston v. Duke, 284 Ala. 359, 224 So.2d 906
(1969)); and its "for want of prosecution" ground is unrelated to the maintenance of the prosecution of that action prior to its dismissal. We hold that mandamus is the appropriate remedy.Ex parte City of Huntsville Hospital Board, 366 So.2d 684 (Ala. 1979); Medical Service Administration v. Dickerson,362 So.2d 906 (Ala. 1978).
We further hold that, because the prosecution complained of occurred in Tuscaloosa County, the trial court erred in ordering the claim for malicious prosecution transferred to Jefferson County. § 6-3-2 (a)(3).
The petition for writ of mandamus to compel the trial judge to set aside his order of transfer is granted and the writ prayed for is hereby issued.
WRIT OF MANDAMUS ISSUED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.