Patsy Coker Nickerson, as the widow of Rex Douglas Nickerson, and their three minor children sued Macon County Greyhound Park, Inc., and Victory Lounge, an unincorporated business owned by John T. Sistrunk; the action was filed pursuant to Ala. Code 1975, § 6-5-71, the Dram Shop Act. The Nickersons alleged that the defendants unlawfully sold alcoholic beverages to Rex Douglas Nickerson and that the sale proximately caused an automobile accident that resulted in his death. The sale of alcoholic beverages occurred in Macon County and the accident occurred in Montgomery County. The Nickersons sued in Montgomery County, and the defendants moved to transfer the case to Macon County. The trial court denied the defendants' motion, but entered an order transferring the action to Elmore County, where the Nickersons reside. Macon County Greyhound Park petitions this Court for a writ of mandamus directing the trial court to vacate its transfer order and to transfer the cause to Macon County.
Under Ala. Code 1975, § 6-3-7, a domestic corporation may be sued for personal injury in the county where the injury occurred or in the county where the plaintiff resides if the defendant does business by agent in that county. Here, venue for the claims against Macon County Greyhound Park would be proper in Elmore County only if it "does business" in that county. The record does not show that Macon County Greyhound Park conducts sufficient activities in Elmore County to establish that it "does business" there; accordingly, venue is proper where the injury occurred.
In its order, the trial court held that the injuries the Nickersons allege occurred and continue to occur in Elmore County, where they reside. This rationale conflicts with our holding in Ex parte Graham, 634 So.2d 994 (Ala. 1993), decided this same day, wherein this Court examined the issue of where an "injury" occurs for purposes of § 6-3-7. There the Court established the following standard:
 "In personal injury actions where the defendant's wrongful act or omission causes the plaintiff to suffer mental and/or emotional distress, or other nonbodily injuries, the injury occurs in the county where the *Page 999 
defendant's wrongful act or omission occurred. In personal injury actions where the defendant's wrongful act or omission causes bodily harm to the plaintiff, the injury occurs in the county where the bodily harm occurs."
Graham, 634 So.2d at 997.
The Nickersons allege, of course, that the defendants' sale of alcohol to Rex Douglas Nickerson caused bodily harm tohim; however, under the Dram Shop Act, the intoxicated party or his estate has no cause of action for injuries to the intoxicated party. Weeks v. Princeton's, 570 So.2d 1232 (Ala. 1990). The family members of the intoxicated party are protected under the Act and may be compensated for the injuries they themselves suffer. Weeks. Here, the Nickersons allege injuries of mental and emotional stress, as well as loss of services and consortium. Under the rule established in Graham, these injuries "occurred" in Macon County, where the wrongful sale of alcohol took place; accordingly, that is the proper venue for this action.
We note that a second venue statute applies to this case. Ala. Code 1975, § 6-3-6, provides that personal actions against an unincorporated organization may be brought in any county where the unincorporated organization does business or has in existence a branch or local organization. The record shows that Victory Lounge's sole location is in Macon County.
Based on the foregoing, we must hold that the trial court erred in denying the defendants' motion to transfer the cause to Macon County and in transferring the cause to Elmore County. Mandamus is the appropriate remedy where a trial court has improperly transferred a cause, Ex parte Water Works Bd. of theTown of Gulf Shores, 508 So.2d 242 (Ala. 1987); accordingly, the petition is granted.
WRIT GRANTED.
MADDOX, SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.