These three petitions for the writ of mandamus relate to 1) a declaratory judgment action filed in Jefferson County by Pony Express, and 2) a negligence action for damages filed in Hale County by Greensboro Tractor, Inc., and John Deere Insurance Company. On January 20, 1995, a fire occurred at the business location of Greensboro Tractor, in Hale County. As a result of the fire, John Deere Insurance Company paid $920,000 to Greensboro Tractor under the terms of a contract of insurance for fire loss. Greensboro Tractor alleged that the fire was started by a lighted cigarette negligently dropped by Steve Whitson into some paper *Page 246 
on the loading dock at Greensboro Tractor. Whitson was at the time the driver of a Pony Express delivery vehicle owned by Ken Smith and operated by Smith pursuant to the terms of a cartage agreement between Smith and Pony Express.
We deny the writs.
On August 18, 1995, before suing, Greensboro Tractor and John Deere Insurance filed a discovery motion pursuant to Rule 27, A.R.Civ.P., which in certain circumstances allows limited discovery before an action is brought. The motion sought to compel Steve Whitson to give a blood sample so that his DNA could be compared with the DNA from a saliva sample found on the cigarette butt involved in the fire. Whitson had refused to give such a blood sample. The motion was filed in Whitson's county of residence, as Rule 27 requires. This motion was denied.
On September 26, 1995, Pony Express Courier Corporation filed a complaint pursuant to the Declaratory Judgment Act, §6-6-223, Ala. Code 1975, in the Jefferson County Circuit Court, against Greensboro Tractor, John Deere Insurance, Steve Whitson, and Ken Smith; Pony Express sought a judgment declaring that Steve Whitson had not been an agent, servant, or employee of Pony Express at any time pertinent to the claims of Greensboro Tractor and John Deere Insurance Company. On October 10, 1995, Greensboro Tractor and John Deere Insurance filed an action in Hale County against Pony Express, Ken Smith, and Steve Whitson alleging negligent and/or wanton conduct and seeking money damages.
On October 30, 1995, Greensboro Tractor and John Deere Insurance filed a motion in the Jefferson County declaratory judgment action, asking that the case be dismissed or transferred to Hale County, based on the doctrine of forum non conveniens. The trial judge, Judge Edward L. Ramsey, denied the motion. Greensboro Tractor and John Deere Insurance petition this Court for a writ of mandamus directing the trial court either to dismiss the declaratory judgment action or to transfer that action to Hale County based upon the doctrine of forum non conveniens.[1]
Pony Express then moved the Hale County Circuit Court to enter an order dismissing Greensboro Tractor's complaint for damages, on the basis that the claims made in Hale County are compulsory counterclaims that must be asserted in the previously filed Jefferson County action. Judge Jack W. Meigs, of the Hale County Circuit Court, denied the motions to dismiss.
Smith and Whitson then petitioned this Court for a writ of mandamus directing Judge Meigs to dismiss the underlying negligence action; they claim that the negligence action must be asserted as a compulsory counterclaim in the previously filed declaratory judgment action pending in the Jefferson Circuit Court.[2] Pony Express submitted its own petition to this Court raising the same issues as Smith and Whitson's petition.[3]
Mandamus is an extraordinary remedy. One seeking the writ of mandamus must show: "(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Exparte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991); Ex parteJohnson, 638 So.2d 772, 773 (Ala. 1994); Ex parte IntegonCorp., 672 So.2d 497, 499 (Ala. 1995).
Jefferson County is the proper venue for the declaratory judgment action, and Hale County is the proper venue for the negligence action. Because the circuit judges have held that each action should stay in the county in which it was filed, we must determine whether they abused their discretion in so holding. When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court has ruled in an arbitrary and capricious manner. Ex parteIntegon Corp., supra, citing Ex parte Ford Motor Credit Co.,561 So.2d 244, at 247 (Ala.Civ.App. 1990), citing Ex parte *Page 247 GTE Automatic Elec., Inc., 448 So.2d 385 (Ala.Civ.App. 1984).
Greensboro Tractor and John Deere argue that the Jefferson County circuit judge abused his discretion in not dismissing or transferring the declaratory judgment action under the doctrine of forum non conveniens. § 6-3-21.1, Ala. Code 1975. In Exparte Integon Corp., this Court explained the purposes of the doctrine of forum non conveniens:
 "The purposes of the forum non conveniens doctrine of § 6-3-21.1 are to prevent the waste of time and energy and to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte New England Mut. Life Ins. Co., 663 So.2d 952 (Ala. 1995); Ex parte Townsend, 589 So.2d 711 (Ala. 1991). A defendant seeking a transfer based on § 6-3-21.1
has the burden of proving to the satisfaction of the trial court that the defendant's inconvenience and expense in defending the action in the venue selected by the plaintiff are so great that the plaintiff's right to choose the forum is overcome. Ex parte New England Mut. Life, 663 So.2d at 956; Ex parte Townsend, 589 So.2d at 715. For a transfer to be justified, the transferee forum must be 'significantly more convenient' than the forum chosen by the plaintiff. Ex parte Townsend, 589 So.2d at 715. See also, Ex parte Johnson, 638 So.2d 772, 774 (Ala. 1994)."
Id. at 500. Greensboro Tractor and John Deere Insurance argue that the Jefferson County declaratory judgment action is due to be dismissed or transferred to Hale County under this doctrine.
Pony Express, Ken Smith, and Steve Whitson argue that the Hale County circuit judge abused his discretion in not dismissing the negligence action. They contend that the negligence claim must be brought as a compulsory counterclaim in the Jefferson County declaratory judgment action. They rely on Rule 13(a), Ala. R. Civ. P.; Sho-Me Motor Lodges, Inc. v.Jehle-Slauson Construction Co., 466 So.2d 83, 90 (Ala. 1985); and Federated Guaranty Life Ins. Co. v. Wilkins, 435 So.2d 10,14 (Ala. 1983).
We conclude that neither judge abused his discretion, and that none of the parties has a clear legal right to the order sought; thus, none of the parties is entitled to the writ of mandamus. Hale County is the proper venue for the negligence action. It is the county where the fire occurred and the county in which the majority of the witnesses reside.[4] Jefferson County is the proper venue for the declaratory judgment action, because that action involves the terms of a cartage agreement between Ken Smith and Pony Express, to which neither Greensboro Tractor, nor John Deere Insurance is a party. Pony Express seeks a judgment declaring that because of the terms of the cartage agreement it is not liable for the actions of Steve Whitson. The issues of fact and law presented in the declaratory judgment action are distinct and separate from those presented in the negligence action; thus, the negligence claim need not be presented as a compulsory counterclaim in the declaratory judgment action. Rule 13, Ala. R. Civ. P.
Pony Express, Steve Whitson, and Ken Smith's petitions seeking to have the Hale County negligence action dismissed or transferred to Jefferson County are denied, and Greensboro Tractor and John Deere Insurance Company's petition seeking to have the Jefferson County declaratory judgment action dismissed or transferred to Hale County is likewise denied.
1951611 WRIT DENIED.
1951644 WRIT DENIED.
1951779 WRIT DENIED.
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
[1] Case number 1951644.
[2] Case number 1951611.
[3] Case number 1951779.
[4] The witnesses include 10 employees of Greensboro Tractor, approximately 15 firemen from the Greensboro Fire Department who assisted in extinguishing the fire, a photographer from the local newspaper, and certain police officials who investigated the fire. The only witnesses not residing the Hale County are Smith and Whitson, who are defendants in the negligence action. *Page 248