706 So.2d 1151 (1997)
Ex parte Robert T. WILSON, Jr.
(Re Robert T. WILSON, Jr.
v.
WILSON & KING, et al.).
1960949.
Supreme Court of Alabama.
November 14, 1997.
*1152 Lee H. Zell, Michael D. Freeman, and Teresa G. Minor of Balch & Bingham, L.L.P., Birmingham, for petitioner.
Paul G. Smith of Smith, Spires & Peddy, Birmingham, for respondents Wilson & King, James C. King, Garfield W. Ivey, Jr., and King & Ivey.
Sam M. Phelps and Michael S. Burroughs of Phelps, Jenkins, Gibson & Fowler, L.L.P., Tuscaloosa, for respondents King, Ivey & Junkin, and its partners, who are (1) Clatus Junkin, individually, and (2) King & Ivey, a partnership.
COOK, Justice.
This petition for the writ of mandamus challenges the Jefferson County Circuit Court's determination of venue in an action for an accounting and distribution of partnership assets. Robert T. Wilson, Jr., sued "Wilson & King; James C. King; Garfield W. Ivey, Jr.; King & Ivey; and King, Ivey & Junkin," seeking the equitable relief of an accounting and distribution of partnership assets. On motion of the defendants, the case was transferred to the Fayette County Circuit Court. Wilson has petitioned this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its transfer order. We deny the writ.
In 1988, Wilson, James C. King, and Garfield W. Ivey, Jr., executed a written partnership agreement to practice law under the name of Wilson & King. Under the terms of the partnership agreement, Wilson owned a 30% interest in the partnership.
In November 1994, Ivey stated that he planned to withdraw from the partnership on March 1, 1995. In January 1995, King and Ivey told Wilson they were forming a new partnership that did not include Wilson. Wilson immediately withdrew from the Wilson & King partnership, causing its dissolution.
King and Ivey formed the partnership of King & Ivey. They were joined by Clatus Junkin, and the name of the partnership was changed to King, Ivey & Junkin. The partners of King, Ivey & Junkin were Clatus Junkin, individually, and the partnership of King & Ivey.
The assets and property of the original Wilson & King partnership were transferred to the King & Ivey partnership and then to the King, Ivey & Junkin partnership. Wilson did not consent to the transfers and was not compensated for his interest in the dissolved Wilson & King partnership.
In his complaint, Wilson alleged 1) that the Wilson & King partnership maintained an office and transacted business in Jefferson County; 2) that the individual defendants King and Ivey are residents of Walker County; 3) that the King & Ivey partnership maintained an office in Jefferson County and transacted business there; and 4) that the King, Ivey & Junkin partnership maintained an office in Jefferson County and transacted business there.
The final page of the complaint read:
 "Plaintiff's Address:
 "Robert T. Wilson, Jr.
 "1800 Alabama Avenue
 "Jasper, Alabama 35501
 "Serve Defendants By Certified Mail At
 The Following Addresses:
 "Wilson & King
 "The Land Title Building
 "600 North 20th Street, Suite 200
 "Birmingham, Alabama 35203
 "King, Ivey & Junkin
 "The Land Title Building
 "600 North 20th Street, Suite 200
 "Birmingham, Alabama 35203
 "King & Ivey
 "The Land Title Building
 "600 North 20th Street, Suite 200
 "Birmingham, Alabama 35203
 "James C. King
 "315 West 19th Street
 "Jasper, Alabama 35502
*1153
 "Garfield Ivey, Jr.
 "315 West 19th Street
 "Jasper, Alabama 35502
 "Clatus Junkin
 "202 Third Street N.E.
 "Fayette, Alabama 35555"
King & Ivey; James King; and Garfield Ivey filed answers denying Wilson's allegations, alleging that venue was improper in Jefferson County, and requesting the Jefferson County Circuit Court to transfer the action to the Fayette County Circuit Court "for the reasons stated in the motion to transfer by their co-defendant, Clatus Junkin."
A motion to transfer, filed "on behalf of King, Ivey & Junkin" and "by and through its partners," alleged 1) that the partnership of Wilson & King had its principal place of business in Walker County; 2) that the individual defendants King and Ivey reside in Walker County; 3) that the partnership of King & Ivey had its principal place of business in Walker County; 4) that the partnership of King, Ivey & Junkin has its principal place of business in Walker County, but has branch offices in Jefferson County and Fayette County; and 5) that Clatus Junkin is a resident of Fayette County. It further stated:
"6. A partnership functions, operates, and conducts business by and through its partners and may be sued only by and through the partners.
"7. Resident individuals may be sued only where they reside, or in some cases, where the event causing the alleged injury occurred.
"8. The complaint asserts claims for an accounting and for a judgment for the amount shown by the accounting. No claim asserted by [Wilson] has any special venue rule applicable to it.
"9. Clatus Junkin, who has been sued by and through the naming of King, Ivey & Junkin as a defendant, may be sued only where he resides. He has the right under Rule 82(d)(3) of the Alabama Rules of Civil Procedure to select the court where this case shall be transferred. He has chosen Fayette County, where he resides, and all other defendants have agreed to his choice."
A similar motion to transfer, stating the same grounds, was filed on behalf of the Wilson & King partnership and on behalf of the King & Ivey partnership by the individual defendants King and Ivey.
The parties filed written briefs, and the trial court conducted a hearing on the merits of the motions to transfer. Following the hearing, the Jefferson County Circuit Court granted the defendants' motions and transferred the cause to the Fayette County Circuit Court.
Wilson claims that a partnership is a legal entity that can be sued in its own name and that a partnership is, in effect, an "unincorporated association." Therefore, says Wilson, venue for this action is governed by Ala.Code 1975, § 6-3-6:
"Action against an unincorporated organization or association may be commenced in any county where such organization or association does business or has in existence a branch or local organization."
Applying § 6-3-6, says Wilson, one must conclude that the appropriate venue for his action is Jefferson Countya county where the partnership of King, Ivey & Junkin "does business or has in existence a branch."
We find no authority for holding that § 6-3-6 governs venue in an action against a partnership. In Alabama, a partnership and an unincorporated association are two distinct forms of business organizations. Indeed, the legislature and this Court have separated these two forms of business organizations: Section 6-7-70 provides for the commencement of actions against partnerships, but § 6-7-80 governs the commencement of an action against an unincorporated association. Rule 4 of the Alabama Rules of Civil Procedure sets out the general provisions for service of process in Alabama. Rule 4(c)(7) states the manner in which service of process is to be made upon a partnership; Rule 4(c)(8), on the other hand, states the manner in which service of process is to *1154 be made upon an unincorporated organization or association.[1]
If Wilson's assertions were correct, then the comment to § 10-8A-201 of the revised Alabama Uniform Partnership Act (1996), effective January 1, 1997, would not have been necessary:
"§ 10-8A-201.
"A partnership is an entity distinct from its partners."
The Code Commissioners' comment to this section states:
"Section 201's explicit recognition of the entity theory of partnerships marks at least a change in emphasis from the understanding of the nature of a partnership under the UPA, the basis for Alabama's present partnership law. In Ford v. Mitcham, 53 Ala.App. 102, 298 So.2d 34 (1974) an Alabama court noted that the aggregate theory continues under the UPA, though the UPA recognizes the entity theory for some purposes. [The revised Uniform Partnership Act (1996), on which § 10-8A-201 was based,] essentially reverses that statement: it adopts the entity theory, though the aggregate theory continues to apply for some purposes."
Section 6 of 77 Am.Jur.2d Partnership (1975), entitled "Venue in Actions Involving Partnerships," states:
"An action for the dissolution of a partnership and the settlement of its affairs, or for a partnership accounting, is usually regarded as a transitory action; therefore, the venue of such an action is ordinarily determined by the residence of the parties rather than by the location of the partnership assets or the situs of its operations."
An action for the dissolution of a partnership and the accompanying accounting is an action in equity and, as such, is governed by equity procedural rules and principles. Nolen v. Wiley, 246 Ala. 482, 21 So.2d 322 (1945).
"The proper venue of an equity action for the dissolution and settlement of a partnership is generally determined by the residence of the parties, and not by the locality of the firm assets, even when these include real estate."
68 C.J.S. Partnership § 412 p. 935 (1950).
Section 6-7-70 provides:
"Two or more persons associated together as partners in any business or pursuit who transact business under a common name ... may be sued by their common name in all civil actions, whether hitherto denominated as legal or equitable in nature; and the judgment in the action binds the joint property of all the associates in the same manner as if all had been named defendants, had been sued upon their joint liability and served with process. Any one or more of the associates, or their legal representatives, may also be sued for the obligation of all."
See Seaboard Coast Line R.R. v. Gillis, 294 Ala. 726, 321 So.2d 202 (1975).
The county to which this case was transferredFayette Countyis the county of residence of Clatus Junkin, a partner in the King, Ivey & Junkin partnership. Wilson, however, claims that he did not name Clatus Junkin as a defendant in the complaint and that Junkin has not filed a responsive pleading in this action.
As noted above, although Wilson did not name Junkin in the style of the case, he did name the partnership of King, Ivey & Junkin as a defendant. Wilson then listed Junkin under the heading "Serve Defendants By Certified Mail At The Following Addresses."
In the allegations in the body of the complaint, Wilson stated that Junkin was a partner in King, Ivey & Junkin and he alleged that "King, Ivey & Junkin and its partners have appropriated or converted the assets and property." A broad reading of this language, in the context of the entire complaint, yields the interpretation that Wilson considered *1155 Clatus Junkin a party defendant in this action, inasmuch as the partnership of King, Ivey & Junkin is composed of Clatus Junkin, individually, and the partnership of King & Ivey.
Two cases Wilson cites as authority for his arguments should be acknowledged. In Ex parte Macon County Greyhound Park, Inc., 634 So.2d 997 (Ala.1993), a widow filed a dram shop action against a corporation and a sole proprietorship, alleging that the defendants' unlawful sale of alcohol to her husband had proximately resulted in the automobile accident that killed her husband. The sale occurred in Macon County, the accident occurred in Montgomery County, and the plaintiff was a resident of Elmore County.
The plaintiff sued in Montgomery County, and the defendants moved to transfer the case to Macon County. The trial court denied the motion, but transferred the case to Elmore County. The defendants' petition for the writ of mandamus asked this Court to vacate the trial court's order and direct that court to transfer the case to Macon County.
The Macon County Greyhound Park Court held, pursuant to § 6-3-7 and Ex parte Graham, 634 So.2d 994 (Ala.1993), that because the Dram Shop Act injuries alleged by the plaintiff occurred in Macon County where the wrongful sale took placevenue was proper in Macon County with regard to the corporation. As to the sole proprietorship, the Court held that § 6-3-6 provided for venue "where the unincorporated organization does business," i.e., Macon County.
The decision in Macon County Greyhound Park is inapplicable here, because neither of the two defendants in that case was a partnership: one was a corporation and the other was a sole proprietorship doing business as an "unincorporated association." The method for determining the correct venue in actions against either of these two forms of business association is not applicable to the question of venue in an action against a partnership.
Wilson uses Norman Properties v. Bozeman, 557 So.2d 1265 (Ala.1990), as authority for his claim that a partnership is a distinct legal entity that can be sued in any county where it does business. According to Wilson, Norman Properties holds that a judgment against a partnership attaches only to partnership property and not to property separately owned by any individual partner.
In Norman Properties, the plaintiffs bought a house that they alleged proved to be uninhabitable because of improper construction. The plaintiffs sued four individuals, alleging fraud and breach of the warranty of habitability. The four individuals did business as a partnership called "Norman Properties," and the plaintiffs later amended their complaint to add Norman Properties as a defendant.
Norman Properties, through the four individuals, had contracted with an independent contractor for that independent contractor to actually build the house in question. The individual partners purchased the lot, selected the plans, reviewed the specifications, coordinated the interior colors, and inspected the site from time to time.
"The trial judge submitted to the attorneys a form for the verdict, to which the parties raised no objections. The form submitted to the jury allowed two possibilities: 1) that the actions complained of were committed by the Normans in their individual capacities, or 2) the wrongs committed were in the line and scope of the partnership activities, obligating the partnership."
557 So.2d at 1270. The jury found for the individual defendant partners, but found against the defendant partnership. This Court reasoned:
"The jury decided the partners were liable in their partnership capacity. The jury obviously concluded that the liability was a partnership obligation rather than an obligation outside the line and scope of the partnership activities."
557 So.2d at 1270.
Norman Properties addresses the result of a judgment against a partnership (i.e., what property is affectedassets of the partnership as opposed to property of the individual partner); that case does not support Wilson's venue argument in the instant case.
Despite Wilson's claim that Junkin has not participated in the case by filing any responsive *1156 pleadings, a motion to transfer the case to Fayette County read:
"King, Ivey & Junkin files this motion by and through its partners and requests the court to transfer this case to the Circuit Court of Fayette County. In support of the motion, King, Ivey & Junkin, and its partners, deemed to have been sued in their own capacities, state as follows:"
In view of the foregoing, it is clear that the Jefferson County Circuit Court was not a proper venue for this equitable action, and that venue is proper in Fayette County, the residence of a partner who is a party defendant.
"Mandamus is an extraordinary remedy. One seeking the writ of mandamus must show: `(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989)....
"... When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court has ruled in an arbitrary and capricious manner."
Ex parte Smith, 686 So.2d 245, 246 (Ala. 1996).
Wilson has no clear legal right to an order vacating the transfer order or to an order transferring this case back to the Jefferson County Circuit Court. The Jefferson County Circuit Court did not rule arbitrarily or capriciously in transferring this case to Fayette County.
WRIT DENIED.
HOOPER, C.J., and SHORES and KENNEDY, JJ., concur.
HOUSTON and SEE, JJ., concur in the result.
MADDOX, J., dissents.
HOUSTON, Justice (concurring in the result).
Whether Clatus Junkin was sued individually was a fact question. From a review of the complaint, I cannot say that Wilson had a clear legal right to the order sought. Therefore, I concur in the result.
NOTES
[1] Note the language of § 10-10-2:

"(a) Professional associations organized pursuant to this chapter shall be governed generally by all laws governing or applicable to corporations, where applicable, and not in conflict herewith. No such association shall be held or deemed to be a partnership, nor shall such association be governed by laws relating to partnerships."
(Emphasis added.)