THOMPSON, Judge.
This petition for the writ of mandamus challenges the Mobile County Circuit Court’s venue determination in an action seeking workers’ compensation benefits from an unincorporated business. David *159 Hamaker, an incapacitated person, through his wife as conservator, sued his employers, The Mowa Choctaw Indian School, and the Associated Executive Committee of Friends on Indian Affairs (together referred to hereinafter as “the school”), seeking workers’ compensation benefits for injuries he sustained in an automobile accident he alleges occurred while he was performing his duties for the school.
The school is located in Washington County, and the accident occurred in Mobile County. Hamaker sued the school for workers’ compensation benefits in Mobile County, the county in which he resided and in which the accident occurred. Without submitting to the jurisdiction of the Mobile County Circuit Court, the school filed a motion seeking a change of venue. As grounds for the motion, the school alleged that it operated exclusively, by agent or otherwise, in Washington County. In the motion, the school listed all of the individual members of the Associated Executive Committee of Friends on Indian Affairs and stated that these individuals were all nonresidents of Alabama. Orville Carter, a member of the Associated Executive Committee of Friends on Indian Affairs, attested to the veracity of the facts set forth in the motion, by providing his notarized signature at the end of the document. The Mobile County Circuit Court denied the motion.
The school petitions for a writ of mandamus directing the Mobile Circuit Court to issue an order transferring the case to Washington County. We grant the petition and issue the writ.
A mandamus petition is the proper procedure for challenging a trial court’s refusal to transfer an action for improper venue. Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994). When the petitioner makes a showing of clear error on the trial court’s part, a writ of mandamus is appropriate. Id. When reviewing a mandamus petition pertaining to a venue ruling, the appellate court’s scope of review is limited to determining whether the trial court ruled in an arbitrary and capricious manner. Ex parte Smith, 686 So.2d 245 (Ala.1996). The school contends that, pursuant to Ala. Code 1975, § 6-3-6, venue is proper only in Washington County. The school bases its contention on the fact that it is an unincorporated association and on its verified assertion that it does business exclusively in Washington County.
Pursuant to § 25 — 5—81(a)(1), proper venue for a workers’ compensation action is the same as the proper venue for an action in tort. Venue for an action in tort against an unincorporated organization is governed by Ala.Code 1975, § 6-3-6. Section 6-3-6 provides that a personal action against an unincorporated organization or association may be commenced in any county where the organization or association does business or has in existence a branch or local organization. On the issue whether Mobile County is a proper venue, the dispositive question is whether, at the time the accident occurred, the school was conducting sufficient business in Mobile County to make that county a proper venue, pursuant to § 6-3-6.
Unfortunately, the facts provided to this court regarding the basis for Hamaker’s action against the school are extremely sketchy. Hamaker alleges in his complaint, in pertinent part, as follows:
“5. On or about January 22, 1998, the plaintiff, David Hamaker, was a missionary working at the Mowa Choctaw Friends Academy in Citronelle, Alabama.
“6. On or about January 22,1998, while working in the line and course of his employment for the Defendants, and while working in furtherance of the business of the Defendants, David Hamaker was injured when he was involved in a serious automobile accident in Mobile County, Alabama.”
In its mandamus petition, the school provided the following facts pertaining to the basis for the action:
*160 “This action began on January 19, 2000, as a suit filed by the respondent, David Hamaker, against the petitioners for workers’ compensation benefits he alleges he is entitled to receive as a result of injuries he received in an automobile accident that occurred in Mobile County, Alabama on January 22, 1998. The respondent alleges that he was an employee of the petitioners at the time of the accident and is a resident of Mobile County, Alabama.”
Hamaker filed a response to the petition, but set forth no facts other than those alleged in the complaint.
The school supported its motion for a transfer with the sworn statements of Orville Carter, a member of the Associated Executive Committee of Friends on Indian Affairs; Carter averred that all members of the committee were nonresidents of Alabama and that, at the time of the accident, the school was conducting no business in Alabama, by agent or otherwise, outside Washington County. In his response, Ha-maker argues only that, at the time of the accident, the school necessarily had to be “doing business” in Mobile County for purposes of § 6-3-6, in order for his injury to be compensable under the Workers’ Compensation Act.
We do not agree. We do not have before us sufficient facts to enable us to determine that, when the accident occurred, the school was conducting sufficient business in Mobile County to subject it to an action in that county. This court called for briefs from the petitioners and the respondent, but the parties elected to rely on the arguments advanced, and the authorities cited, in their petition and response, respectively. We conclude that the school has demonstrated a clear legal right pursuant to § 6-8-6 to have Hamaker’s workers’ compensation claim against it transferred to Washington County. Ha-maker has presented no evidence to refute that demonstration; therefore, we conclude that the trial court's denial of the motion to transfer was arbitrary and capricious. Accordingly, the petition is granted.
PETITION GRANTED; WRIT ISSUED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.