Miller, Hamilton, Snider Odom, LLC ("the law firm"), and three of its attorneys, *Page 335 
Ben H. Harris III, John C.H. Miller, Jr., and Giles G. Perkins, the defendants in an action pending in the Blount Circuit Court, petition for a writ of mandamus directing the circuit court to vacate its order denying their motion to transfer the action to the Baldwin Circuit Court and directing the circuit court to transfer the action to Baldwin County. We grant the petition and issue the writ.
In November 2001, Harris and Perkins filed a lawsuit on behalf of Community Bank and its holding company, Community Bancshares, Inc., in the United States District Court for the Northern District of Alabama, Southern Division, which is located in Jefferson County. The defendants in that lawsuit included Bryan A. Corr, Sr.; Doris Corr, individually and as the executrix of the estate of R.C. Corr, Jr., deceased; Tina M. Corr; and Corr, Inc. (collectively "the Corrs"). Ultimately, Community Bank and Community Bancshares, Inc., voluntarily dismissed the lawsuit.
On March 18, 2005, the Corrs sued the law firm and Harris, Miller, and Perkins in the Blount Circuit Court. The factual allegations of the complaint concerned the defendants' involvement in filing and prosecuting the earlier federal action against the Corrs. The complaint in the state-court action included claims of malicious prosecution, negligent supervision, and wantonness.
On April 26, 2005, the law firm and Miller, Harris, and Perkins filed a motion to transfer the Corrs' action to the Baldwin Circuit Court. On September 22, 2005, the trial court, without explanation, denied the motion to transfer, and the defendants then timely filed their petition for a writ of mandamus.
When the trial court denies a motion for a change of venue, the defendants may seek relief by filing a petition for a writ of mandamus.
 "`The question of proper venue for an action is determined at the commencement of the action.' Ex parte Pratt, 815 So.2d 532, 534 (Ala. 2001). `If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.' Ex parte Overstreet, 748 So.2d 194, 196
(Ala. 1999). `A petition for a writ of mandamus is the appropriate means for challenging a trial court's refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.' Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala. 1994). `In considering a mandamus petition, we must look at only those facts before the trial court.' Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala. 1995)."
Ex parte Walter Indus., Inc., 879 So.2d 547, 548-49
(Ala. 2003).
"Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." Rule 82(c), Ala. R. Civ. P. Therefore, initially, we will consider whether Blount County is a proper venue insofar as the Corrs' claims against the individuals, Harris, Miller, or Perkins, are concerned.
 "[P]ersonal actions [against individuals, other than for the recovery of land or on contracts,] if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
§ 6-3-2(a)(3), Ala. Code 1975. Miller, Harris, and Perkins have their permanent residences in Alabama; none of them, however, *Page 336 
is a resident of Blount County. Miller resides in Mobile County; Harris in Baldwin County; and Perkins in Jefferson County. Consequently, insofar as the individual defendants are concerned, venue is proper in Blount County only if it is "the county in which the act or omission complained of may have been done or may have occurred."
As the parties agree, for purposes of § 6-3-2(a)(3), an alleged act of malicious prosecution is deemed to have occurred in the county where the underlying lawsuit was filed and ultimately resolved favorably to the plaintiffs in the malicious-prosecution action. See Ex parteShuttlesworth, 420 So.2d 256 (Ala. 1982). Here, the underlying lawsuit against the Corrs was filed in federal court in Jefferson County. Consequently, Blount County is not a proper venue insofar as Miller, Harris, and Perkins are concerned.[1]
Next, we must determine whether Blount County is a proper venue insofar as the law firm, a limited liability company, is concerned. Regrettably, no Alabama venue statute mentions limited liability companies. Therefore, we must decide which statute governs the venue of an action against such an entity.
The Alabama Limited Liability Company Act is codified at Ala. Code 1975, § 10-12-1 et seq. Section 10-12-8 provides, in pertinent part:
 "(a) The terms `partnership' and `limited partnership,' when used in any chapter or title other than this chapter, the Alabama Uniform Partnership Act (Chapter 8A, Title 10), and the Alabama Limited Partnership Act of 1983 (Chapter 9A, Title 10), and any successors of those acts, include a limited liability company organized under this chapter, unless the context requires otherwise.
 "(b) Notwithstanding subsection (a), for purposes of taxation, other than Chapter 14A of Title 40, a domestic or foreign limited liability company shall be treated as a partnership unless it is classified otherwise for federal income tax purposes, in which case it shall be classified in the same manner as it is for federal income tax purposes."
The Commentary to § 10-12-8 states, in pertinent part:
 "This section is intended to assure that limited liability companies are generally treated as partnerships. This rule will not apply, however, if the limited liability company has more corporate than noncorporate characteristics and is therefore treated as an association taxable as a corporation for federal income tax purposes."
In light of § 10-12-8, and of the uncontroverted fact that the law firm, for many years, has been treated as a partnership for federal income-tax purposes, we will treat the law firm as a partnership for venue purposes.
Section 6-3-7, Ala. Code 1975, governs the venue of actions against foreign and domestic corporations. However, that section "relate[s] to venue for only corporate defendants and not to venue for natural persons or partnerships." Ex parteHaynes Downard Andra Jones, LLP, 924 So.2d 687, 700
(Ala. 2005). The venue of actions against unincorporated organizations *Page 337 
or associations is governed by § 6-3-6, Ala. Code 1975. However, § 6-3-6 does not govern venue in an action against a partnership. See Ex parte Wilson, 706 So.2d 1151
(Ala. 1997). Therefore, by process of elimination, we must conclude that § 6-3-2(a)(3), which governs venue insofar as the individual defendants are concerned, also governs venue insofar as the law firm is concerned.
No member of the law firm has a permanent residence in Blount County. Under the teachings of Shuttlesworth, venue in this malicious-prosecution action is not proper in Blount County insofar as the law firm is concerned. Consequently, venue is not proper in Blount County as to any defendant.
Ala. R. Civ. P. 82(d)(3) provides, in pertinent part: "In the event the venue of the action is . . . improper and venue is appropriate in more than one other court, . . . multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred." The law firm and Miller, Harris, and Perkins selected Baldwin County, the county of Harris's permanent residence, as the county to which the action should be transferred and have made a clear showing that the trial court erred in refusing to transfer the action to the Baldwin Circuit Court. Therefore, we grant the petition for the writ of mandamus and direct the trial court to vacate its order denying the defendants' motion to transfer and to enter an order transferring the action to the Baldwin Circuit Court.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and LYONS, SMITH, and PARKER, JJ , concur.
[1] We have not ignored the Corrs' argument that their causes of action for negligent supervision and wantonness are separate from their causes of action for malicious prosecution. However, "a claim of negligent [or wanton] prosecution of a civil action is not a cognizable tort claim in this state," Ex parteState Farm Mut. Auto. Ins. Co., 924 So.2d 706, 711
(Ala. 2005), and the Corrs' negligence and wantonness claims, as stated in their complaint, amount to nothing more than malicious-prosecution claims improperly couched in terms of negligence and wantonness.